291 So.2d 604 (1974)
Mattie PERDUE, a/k/a Mrs. Emmett Perdue, Petitioner,
v.
The MIAMI HERALD PUBLISHING COMPANY, a Florida Corporation, Respondent.
No. 42604.
Supreme Court of Florida.
January 17, 1974.
Rehearing Denied April 9, 1974.
*605 Robert F. Nunez, St. Petersburg, for petitioner.
Dan Paul and John-Edward Alley, of Paul & Thomson, Miami, for respondent.
Thomas T. Cobb, of Cobb, Cole, Sigerson, McCoy, Bell & Bond, Daytona Beach, for News-Journal Corp., as amicus curiae.
Harold B. Wahl, of Loftin & Wahl, Jacksonville, for Florida Publishing Co., as amicus curiae.
PER CURIAM:
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Second District, reported at 263 So.2d 622.
The original suit in this matter commenced April 8, 1970, with the filing by petitioner, plaintiff below, of a complaint for damages for invasion of privacy resulting from an article published by respondent newspaper. The complaint was filed in DeSoto County, the Twelfth Judicial Circuit. On July 6, 1970, the trial court entered an order granting respondent's motion to transfer the cause for improper venue and transferring the file to the Circuit Court of Dade County. The decision of the trial court to transfer the cause was based on Florida Statutes §§ 47.051[1] and 770.07[2], F.S.A.
After transfer of the cause to Dade County, the suit was voluntarily dismissed by the plaintiff. No appeal was taken from the trial court's order transferring the original complaint from DeSoto County to Dade County.
One year later, on June 15, 1971, plaintiff again filed complaint in DeSoto County charging defamation and invasion of privacy. The same trial court on August 24, 1971, again entered an order transferring the cause to Dade County on the same grounds as his previous order. This time plaintiff appealed the trial court's order *606 and the District Court entered the following decision herein sought to be reviewed.
"PER CURIAM.
"Affirmed. See, E.O. Painter Fertilizer Co. v. Du Pont (1907), 54 Fla. 288, 45 So. 507."
For conflict with the foregoing decision petitioner cites Firstamerica Development Corp. v. Daytona Beach News Journal, 196 So.2d 97 (Fla. 1966) and Steinhardt v. Palm Beach White House No. 3, Inc., 237 So.2d 590 (Fla.App. 3rd 1970). Both cases hold that a suit against a newspaper for libel and/or malicious interference with a contractual relationship, could be brought in a county where the newspaper was circulated and need not be brought in the county where the newspaper was published. In its order transferring venue to Dade County, the Circuit Court distinguished the Firstamerica Development Corporation case, supra, on the basis of the passage, since the time of that decision, of F.S. §§ 770.05-770.08, F.S.A., and held that venue of the instant action properly lay only in Dade County under these statutory provisions. We hold that the passage of these provisions does not provide a basis for distinguishing Firstamerica from the instant case, and that the District Court of Appeals' affirmance of the Circuit Court order is in conflict with Firstamerica. Accordingly, we have jurisdiction pursuant to Art. V, § 3(b)(3), Fla. Const., F.S.A.
In the Firstamerica Development Corporation case, supra, this Court relied upon F.S. § 46.04, F.S.A. as then worded,[3] which permitted (and still permits as present § 47.051) litigation against corporations in any county in which the cause of action arose. The Court held that venue could properly be laid in any county where the newspaper was published.
In 1967 the Florida Legislature responded to the above decision by enacting Chapter 67-52 which in pertinent part became F.S. § 770.05, F.S.A. (limiting a damages claim founded upon any single publication to only one choice of venue) and F.S. § 770.07, F.S.A., (providing that the cause of action shall be deemed to have accrued at the time of the first publication in this state).
Such changes justify an implicit inference that the Florida Legislature intended to impose certain limitations on such a cause of action: 1) only one suit in one chosen venue to avoid multiple suits upon the one cause of action; and 2) a statute of limitations as to the time for filing the action which "shall be deemed to have accrued at the time of the first publication". F.S. § 770.07, F.S.A.
The record clearly establishes that the news item complained of was first published in Dade County in the evening and distributed to DeSoto County, nearly two hundred miles away, several hours later. The first publication obviously was in Dade County. Respondent contends that proper venue can only lie in Dade County, citing F.S. § 770.07, F.S.A. As above mentioned this statute on its face relates to the "time" of accrual of the cause action, a typical statute of limitations provision. It does not control the place (venue) of filing.
Of significance as to venue is F.S. § 47.051, F.S.A.,[4] which permits actions against domestic corporations also to be brought "where such corporation has or usually *607 keeps an office for transaction of its customary business." Ch. 67-52 (F.S. §§ 770.05 and 770.07, F.S.A.) did not repeal the application of any corporate venue statute, and to the extent applicable, all of these statutes must be read in pari materia and must not be applied in a way that extends special treatment to respondent, but in that manner which is consistent with equal protection required by the constitution.
Aiding us in arriving at the solution to this problem is an earlier criminal case decided by our Court, the rationale of which although not directly applicable, nevertheless is of help. In Eberhardt v. Barker, 104 Fla. 535, 140 So. 633 (1932), the issue of proper venue for indictment in criminal libel was treated and our Court stated:
"Petitioner was subject to indictment ... only in .. . county where the alleged libelous matter was composed and printed... . This holding goes only to the question of venue in prosecutions for criminal libel ... nor do we decide the question of venue where a bureau agency or office is maintained in another county or counties for the purpose of distribution or circulation. ..." (emphasis added)
Thus, when we read our "single publication" act (§ 770.05) in conjunction with the corporate venue acts §§ 46.04 and 47.051) the advantages to both the press and the public, in our complex business and economic world, appear to be mutual and equal. Damages are limited to a single cause of action and the date of accrual of the claim is set, essentially establishing a statute of limitations period. Furthermore, the venue then is limited to (1) the county where the alleged libelous matter is first published or exhibited or uttered, or (2) the county or counties where the publisher "has or usually keeps an office for transaction of its customry business," (§ 47.051), or (3) "where a bureau agency or office is maintained * * * for the purpose of distribution or circulation" (Eberhardt, supra), or (4) (a fourth available venue) under F.S. § 46.04, F.S.A. "where the cause of action accrued" which we view in the case of a publication as limited to such county or counties where the publication is distributed or placed on sale. Of course, as earlier outlined, only one of these available venues may be chosen in accordance with F.S. § 770.05, F.S.A.
The record in the instant case does not include any finding regarding the factual question of whether the publication was distributed or placed on sale in DeSoto County, from which the action was transferred, although this is alleged in the complaint to be the situation. Accordingly, the decision sub judice is quashed, and we remand this cause to the trial court for a determination of whether the publication here in question was distributed or placed on sale in DeSoto County, and for such other and further proceedings as shall be required in accordance with this opinion.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS and DEKLE, JJ., concur.
BOYD, J., dissents with opinion.
McCAIN, J., concurs in part and dissents in part with opinion.
BOYD, Justice (dissenting).
Both the trial court and the District Court of Appeal were clearly correct.
As stated in the majority opinion, immediately after the Firstamerica case of 1966, the Florida Legislature sought to reverse the effect of that decision by enacting Section 770.05, Florida Statutes, which provided that suit could be brought only in the county of first publication. To arrive at the majority view, we must ignore the clear Legislative intent. The record shows that the first publication in the instant case was in Dade County where the Miami *608 Herald is published, and sold "hot off the presses". The Herald, of course, reaches DeSoto County, some two hundred miles from Miami, hours later.
I do not agree that the Legislature intended the foregoing statute to be a statute of limitation. The statute permitting suits against corporations in counties in which they maintain business offices is an older statute to which the foregoing venue statute clearly constitutes an exception.
I therefore respectfully dissent.
McCAIN, Justice (concurring in part dissenting in part):
As above indicated, I must respectfully concur in part and dissent in part from the majority view. I agree with the most erudite portion of the majority except for one part thereof, i.e. the fourth available venue provision which the majority grants under F.S. § 46.04 F.S.A. wherein the majority determines that a cause of action involving the case of a publication for libel may be brought in any county where the publication is distributed or placed upon sale.
NOTES
[1] Fla. Stat. § 47.051, F.S.A.: "Actions against domestic corporations shall be brought only in the county or district where such corporation has or usually keeps an office for transaction of its customary business, or where the cause of action accrued, or where the property in litigation is located... ."
[2] Fla. Stat. § 770.07, F.S.A.: "The cause of action for damages founded upon a single publication or exhibition or utterance, as described in § 770.05, shall be deemed to have accrued at the time of the first publication or exhibition or utterance thereof in this state."
[3] "46.04 Suits against corporations. Suits against domestic corporations shall be commenced only in the county (or justice's district) where such corporation shall have or usually keep an office for the transaction of its customary business, or where the cause of action accrued, or where the property in litigation is located; and in the case of companies incorporated in other states or countries, and doing business in this state, suits shall be commenced in a county or justice's district wherein such company may have an agent or other representative, or where the cause of action accrued, or where the property in litigation is situated." Now F.S. § 47.051, F.S.A.
[4] See footnote 1.