481 So.2d 41 (1985)
J.C. ARMSTRONG, Jr., Appellant,
v.
TIMES PUBLISHING COMPANY D/B/a the St. Petersburg Times, Appellee.
No. BA-79.
District Court of Appeal of Florida, First District.
December 18, 1985.
Rehearing Denied January 29, 1986.
J.C. Armstrong, Jr., pro se.
George K. Rahdert of Rahdert, Anderson & Richardson, St. Petersburg, for appellee.
MILLS, Judge.
Pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)A, Armstrong appeals an interlocutory order of the trial court *42 granting Times Publishing Company's motion for change of venue. The motion also included a request for severance of the claim against the Times from those against two other defendants, which was granted. The propriety of the latter action was conceded at oral argument and we therefore do not address it herein. We affirm the change of venue.
On 18 August 1982, the Times published an article entitled "Vernon, Florida: Tales of self-mutilation are town's hidden shame." The article described the practice of a few Washington County residents in the early 1960's who purchased insurance, then shot off hands, arms and legs and made insurance claims. It also described a rash of insurance claims for houses destroyed by fire. No participant was specifically named, including Armstrong, who lost two appendages and three structures during the period, all leading to insurance claims.
The Times maintains no bureaus or offices in Washington County, and does not distribute, circulate or sell any of its newspapers there. It sent two reporters, Gallagher and Martin, to Vernon to research the story, where they talked to a local reporter named Eberle. Related stories were published on 5 October 1982 by World Wide News, Inc. (World) and on 22 February 1983 by Globe International, Inc. (Globe). On 29 November 1983, Armstrong filed a three-count complaint alleging libel. Count I alleged that Eberle and, through him, his employer, furnished information on him to the Times reporters, which the Times published knowing it to be false. Counts II and III addressed the articles published by World and Globe, respectively.
Motions to dismiss for failure to state a cause of action were filed by Eberle, his employer, World and Globe. The Times and its reporter Gallagher (Martin was never properly served) moved for a change of venue to Pinellas County, Florida. The motion pointed out that Washington County was an improper venue for this libel action, pursuant to the standards established in Perdue v. Miami Herald Publishing Co., 291 So.2d 604 (Fla. 1974).
All of the motions were addressed in one order, dated 26 June 1984. The motions to dismiss were granted with leave to amend. Count I was severed from the remainder of the complaint and a change of venue to Pinellas County, Florida, was granted as to it. The trial court's action was correct.[1]
Section 47.051, Florida Statutes (1983), requires that actions against domestic corporations be brought only in the county where the corporation has an office for transacting its customary business or where the cause of action accrued. In Perdue, supra, this statute was construed in pari materia with Section 770.05, which addresses the limitation of choice of venue in civil libel actions. The plaintiff's choice of venue is limited to one of the following: (1) the county where the alleged libelous matter is first published, exhibited or uttered; (2) the county or counties where the publisher has an office for transaction of its customary business; (3) where a bureau, agency or office is maintained for distribution or circulation; or (4) where the cause of action accrued.
"Transaction of customary business" means that the business transacted in the county must be a part of the corporation's usual or ordinary business and must be continuous in the sense of being distinguishable from mere casual, occasional or isolated transactions. Tribune Co. v. Approved Personnel, Inc., 115 So.2d 170, 173 (Fla. 1st DCA 1959). A cause of action in libel accrues in the county or counties where the publication is distributed or placed on sale. Perdue at 607.
Here, the Times' verified, uncontroverted motion averred that the corporation *43 maintains no Washington County news bureau or distribution/circulation office, no newspaper racks, has no Washington County subscribers and sells no newspapers in that county. Therefore, pursuant to the venue standards established in Section 47.051 and Perdue, supra, Washington County was clearly the incorrect venue for this libel action. Further, a change of venue is within the sound discretion of the trial court and, absent a showing of abuse, will not be reversed. Hu v. Crockett, 426 So.2d 1275, 1281 (Fla. 1st DCA 1983). Armstrong's bare argument that another unspecified county would fulfill the venue requirements as well as Pinellas County does not demonstrate that the trial court abused its discretion in selecting that county.
AFFIRMED.
SHIVERS, J., concurs.
ZEHMER, Judge, concurs Specially with Opinion.
ZEHMER, J., concurring specially.
I agree with everything stated in the majority opinion and concur in the affirmance of the appealed order transferring venue to Pinellas County. My concurrence is, however, predicated on one additional ground.
Florida Rule of Civil Procedure 1.060(b) governs the transfer of actions for improper venue and provides in part:
When the venue might have been laid in two or more counties, the person bringing the action may select the county to which the action is transferred, but if no such selection is made, the matter shall be determined by the court.
While it does not appear that appellant has selected any particular county to which the action should be transferred, the record fails to reflect that appellant was given any opportunity to do so before the trial court. Unless Pinellas County is the sole county to which the action should be transferred, the order should be reversed and the case remanded to afford appellant the opportunity to select a county affording proper venue.
The count against The St. Petersburg Times joined codefendant Peter B. Gallagher as a joint tort feasor. The record reflects that Gallagher is a resident of Pinellas County. Where an individual defendant is joined as a party defendant with a corporate defendant having an agent in the county in which the individual defendant resides, the individual defendant's venue privilege, granted by section 47.011, Florida Statutes (1983), may not be defeated by plaintiff's selection of venue in some other county where the corporate defendant may have an agent. Enfinger v. Baxley, 96 So.2d 538 (Fla. 1957). Accordingly, venue is proper only in Pinellas County, the residence of the individual defendant, and the order transferring the action to Pinellas County must be affirmed.
NOTES
[1] Eberle and his employer, the parties whose presence could arguably support a Washington County venue for Count I, were removed therefrom by the grant of their motions to dismiss. Insofar as the record shows, the complaint was never amended to state a cause of action against them, although leave was granted to do so.