881 So.2d 35 (2004)
A. Tom HARB, Harb Design Group, Inc., a Florida corporation, and Harbco Construction, Inc., a Florida corporation, Appellants,
v.
COMMERCE REALTY GROUP, INC., a Florida corporation, and Commerce Limited Partnership # 9219-II, a Delaware Limited Partnership, Appellees.
No. 4D03-4892.
District Court of Appeal of Florida, Fourth District.
August 11, 2004.
Frank A. Hamner and Whitney N. Smith of GrayRobinson, P.A., Orlando, for appellants A. Tom Harb and Harb Design Group, Inc.
Victor L. Chapman of Barrett, Chapman & Ruta, P.A., Orlando, for appellant Harbco Construction, Inc.
Fred O. Goldberg of Berger Singerman, Miami, for appellees.
KLEIN, J.
The trial court denied defendants' motion to transfer venue to Orange County, which was grounded on the fact that all of the causes of actions arose out of work performed on real estate in Orange County. We reverse.
Plaintiff appellees, whose offices were in Broward County, owned, leased, or had options on commercial real estate in Orange County. Plaintiffs engaged defendants to design and construct improvements to the property, and that work went forward. As a result of defendants' work on the property, the plaintiffs sued defendants in Broward County for professional malpractice, breach of fiduciary duty, fraud, and tortious interference with a contractual relationship.
Defendants moved to transfer venue to Orange County, arguing that the property involved was located in Orange County, that the cause of action accrued in Orange County, and that the defendants had not set foot in Broward County. The trial court denied the motion without explanation.
For claims such as these, the only county in which a plaintiff may bring an action, if the defendant does not reside in the *36 county, is the county where the cause of action accrued, or the county where the property in litigation is located. § 47.011, Fla. Stat. (2003).
Plaintiffs assert that the cause of action accrued in Broward because defendants submitted false telephone calls, letters and faxes to Broward County. A similar argument was rejected in PricewaterhouseCoopers LLP v. Cedar Resources, Inc., 761 So.2d 1131 (Fla. 2d DCA 1999). For purposes of venue, a tort accrues in the county where the plaintiff first suffers injury. Wincor v. Cedars HealthCare Group, 695 So.2d 924 (Fla. 4th DCA 1997). In this case the injury was in Orange County, and the cause of action accordingly accrued there. There was thus no basis for venue in Broward County. Reversed.
SHAHOOD, J., and EMAS, KEVIN M., Associate Judge, concur.