936 So.2d 707 (2006)
Betty WEINBERG, Appellant,
v.
Harvey Jay WEINBERG and Kenneth Alan Weinberg, Appellees.
No. 4D06-1665.
District Court of Appeal of Florida, Fourth District.
August 9, 2006.
Rehearing Denied September 8, 2006.
*708 Lawrence R. Metsch of Metsch & Metsch, P.A., Aventura, for appellant.
Adam G. Heffner of Law Offices of Adam G. Heffner, P.A., and Law Offices of Steven H. Shulman, P.A., Boca Raton, for appellees.
WARNER, J.
Betty Weinberg appeals a non-final order denying her motion to dismiss the plaintiffs' complaint for improper venue. We affirm because the plaintiffs' initial selection of venue in Palm Beach County was proper.
In 1992, Sidney Weinberg and his wife, Betty Weinberg, executed a revocable trust agreement in Palm Beach County, Florida. The trust corpus consisted of the Palm Beach County condominium unit in which Sidney and Betty resided, as well as certain personal property. The trust instrument provided that upon Sidney's death, Betty would receive a fee simple interest in the couple's condominium and fifty percent of the remaining trust assets. The trust also provided that Sidney's adult sons from a prior marriage were to receive monetary distributions from the trust at the time of his death. The adult sons are residents of Tennessee.
Sidney Weinberg died on August 17, 2005. On August 23, 2005, Betty executed a document in which she purported to revoke the trust and take title to all property previously held in the trust. A few days later, she recorded this document in Palm Beach County. On February 1, 2006, Betty moved from Palm Beach County to Miami-Dade County. Several days later, Sidney's adult sons filed suit against Betty in Palm Beach County. The sons' complaint sought declaratory relief, as well as damages for breach of trust and breach of fiduciary duty. The gravamen of the sons' complaint was that the provisions of the trust regarding distributions to them were irrevocable upon the death of Sidney.
Betty moved to dismiss the complaint for improper venue, noting that she was a resident of Miami-Dade County at the time the plaintiffs filed this lawsuit. The trial court denied the motion, prompting this appeal.
The standard of review for an order on a motion to transfer or dismiss for improper venue is abuse of discretion. Carr v. Stetson, 741 So.2d 567, 568 (Fla. 4th DCA 1999). However, where there are no disputed facts and the venue order turns on a question of law, there is no judicial discretion to be exercised and appellate review is de novo. See Dive Bimini, Inc. v. Roberts, 745 So.2d 482, 483-84 (Fla. 1st DCA 1999).
Section 47.011, Florida Statutes, the general venue statute, provides as follows: "Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." It is the prerogative of the plaintiff to select the venue of his or her suit, and when that choice is one of the three statutory alternatives, it will be honored. See A & M Eng'g Plastics, Inc. v. Energy Saving Tech. Co., 455 So.2d 1124 (Fla. 4th DCA 1984).
Here, the sons chose to bring their suit where the cause of action accrued. In *709 Tucker v. Fianson, 484 So.2d 1370, 1371 (Fla. 3d DCA 1986), the Third District explained that a tort claim accrues for venue purposes "where the last event necessary to make the defendant liable for the tort took place," or where the harmful effect of the defendant's acts first took effect. (citation omitted). Stated another way, a tort accrues where the plaintiff first suffers injury. Wincor v. Cedars Health-Care Group, Ltd., 695 So.2d 924, 925 (Fla. 4th DCA 1997); see also Harb v. Commerce Realty Group, Inc., 881 So.2d 35, 36 (Fla. 4th DCA 2004) ("For purposes of venue, a tort accrues in the county where the plaintiff first suffers injury.").
In this case, Palm Beach County was the situs of the trust and its assets, the trust was administered in Palm Beach County before Betty purported to revoke it, and the distributions would have been made by the trustee in Palm Beach County upon Sidney's death. When Betty attempted to revoke the trust in its entirety and take title to all of the trust property, the last event necessary to make her liable for breach of trust took place. That is where the injury to the sons first took place. We therefore hold that the cause of action for breach of trust accrued in Palm Beach County, where Betty purported to revoke the trust.
Our resolution of this issue makes it unnecessary to decide whether venue was proper on any other basis.
Affirmed.
KLEIN and GROSS, JJ., concur.