DAVIS, Judge.
In this interlocutory appeal, the University of Florida Board of Trustees (“UF-BOT”) challenges the trial court’s nonfinal order denying its motion to transfer venue of the wrongful death action brought *495 against it and several other defendants[1] by Olin and Annette Morris. We affirm.
The Morrises’ underlying action arose out of the death of their son, Christopher, after he received medical treatment for an apparent drug overdose at the emergency room of Winter Haven Hospital. The Morrises filed their complaint in the Tenth Judicial Circuit in and for Polk County, alleging that the emergency room doctor who treated Christopher was at all times acting in “the course and scope of his employment by, or as an agent of, [UF-BOT].” With regard to the issue of venue, the Morrises alleged that “[a]t all times material, the UFBOT has maintained a substantial presence for the transaction of its customary business in Polk County.”
UFBOT moved for a change of venue, citing section 768.28(1), Florida Statutes (2006), which provides in part that
any such action against a state university board of trustees shall be brought in the county in which that university’s main campus is located or in the county in which the cause of action accrued if the university maintains therein a substantial presence for the transaction of its customary business.
UFBOT argued that the University’s main campus is in Alachua County and that it does not maintain a substantial presence in Polk County for the transaction of its customary business.
In support of its motion to transfer venue, UFBOT filed the affidavit of the University’s Vice President for Finance and Administration, J. Edward Poppell, who stated that the University’s main campus is in Alachua County and gave detailed information relating to the extensive ties the University has to Alachua County. Additionally, UFBOT submitted the affidavit of its Director of Business Operations for Emergency Medicine, Dr. Kelly Gray-Eurom, who attested that UFBOT supplies ten emergency room physicians to Winter Haven Hospital but that it does not maintain a residency program at the hospital.
At the hearing on the motion, the Mor-rises argued that UFBOT did have a “substantial presence” in Polk County for “the transaction of its customary business.” The Morrises maintained that the customary business of UFBOT could be determined by the purpose of each of the state’s universities as set out in the Florida Constitution: to achieve excellence through (1) teaching students, (2) advancing research, and (3) providing public service for the benefit of the state’s citizens. See Art. IX, § 7(a), Fla. Const. The Morrises argued that UFBOT achieved these goals in Polk County through its contract with Winter Haven Hospital to provide ten emergency room physicians to the hospital.
In denying the motion, the trial court stated:
I think the University of Florida does have a substantial presence here. I tend to agree the Affidavits don’t specifically speak to the fact that they don’t. And two of the three missions of the University are covered in Polk County on a daily basis. Service to the public in that they are the only emergency room doctors in Winter Haven, in that area, and have been for some time. And two, there is a large research center here that deals with agriculture, and, in particular, citrus and other type activities to give the University of Florida substantial presence here. So I’m going to deny your motion on that grounds [sic].
*496 Pursuant to section 768.28(1), an action brought against UFBOT can only be brought outside Alachua County— where the university’s main campus is located — if (1) the action is brought in the county where the cause of action accrued and (2) the university maintains a “substantial presence for the transaction of its customary business” in that county. Here, the Morrises’ choice to bring their action in Polk County was based on the undisputed location of where the cause of action accrued. The question then becomes whether UFBOT maintains a substantial presence in Polk County for the transaction of its customary business. The trial court came to the legal conclusion that it does. We review that determination de novo. See PricewaterhouseCoopers LLP v. Cedar Resources, Inc., 761 So.2d 1131, 1133 (Fla. 2d DCA 1999) (reviewing the trial court’s ruling on “a motion to transfer venue based on the impropriety in the plaintiffs venue selection” that involved no factual issues or “options over which [the trial court] could exercise discretion” and noting that “[t]he trial court’s legal conclusions are reviewed de novo”).
Addressing the second half of the question first, we agree with the trial court that UFBOT transacts its customary business in Polk County. “ ‘Transaction of customary business’ means that the business transacted in the county must be a part of the corporation’s usual and ordinary business and must be continuous in the sense of being distinguishable from mere casual, occasional or isolated transactions.” Armstrong v. Times Publ’g Co., 481 So.2d 41, 42 (Fla. 1st DCA 1985) (interpreting the term “transaction of customary business” as used in the general venue provisions of chapter 47, Florida Statutes). One of UFBOT’s constitutional purposes is to provide public service for the benefit of the state’s citizens. Because the staffing of the emergency room of one of the larger hospitals in Polk County clearly accomplishes that purpose, we can only conclude that such an undertaking amounts to the transaction of UFBOT’s customary business. See Univ. of Fla. Bd. of Trs. v. Andrew, 32 Fla. L. Weekly D1404, 2007 WL 1555732 (Fla. 1st DCA May 31, 2007).
Furthermore, we agree that UF-BOT’s contract to provide emergency medical services to Winter Haven Hospital constitutes a substantial presence in the community. We decline UFBOT’s invitation to define substantial by comparing the number of persons, programs, and buildings employed and operated by the university in Polk County with the number in Alachua County, where the university’s main campus is located. Id. at D1404 (“The fact that Appellant’s contacts in the remote county may be less substantial than its contacts in its home county is irrelevant. The statute clearly provides that any ‘substantial’ presence will qualify.”). If the legislature intended such a definition — which would necessarily dictate a different result in almost every instance — it could have simply stated that venue must be in the county in which the main campus of the university is located. The fact that the statute includes the exception at issue here establishes that other counties may be an appropriate venue, depending on the circumstances. Because no other county would compare with the presence of the university in its home county, it would seem that the plain meaning of the statute requires that we look to the significance of the university’s presence in the local community in question. The full-time staffing of the emergency room of one of Polk County’s larger hospitals is a significant undertaking by UF-BOT and is of considerable impact and *497 importance to the citizens of Polk County, who are dependent on this facility for medical treatment. Because UFBOT’s presence in Polk County is substantial and satisfies the requirements of section 768.28(1), we affirm the trial court’s order concluding that venue is proper in Polk County.[2]
Affirmed.
WHATLEY, J., Concurs.
ALTENBERND, J., Concurs specially.

. Although the other named defendants below do not take part in this appeal, they are named as appellees here pursuant to Florida Rule of Appellate Procedure 9.020(g)(2).

. We note that in making its ruling, the trial court included a reference to UFBOT’S agricultural extension activities with the Polk County Cooperative Extension Service. Although we recognize this as an additional presence in the community through which UFBOT transacts its customary business, we conclude that the presence UFBOT achieves through its contract with Winter Haven Hospital alone is sufficient to meet the statutory venue requirements.