DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES CULLEN LOWERY, III,**
Appellant,

v.

**SHANE MCBEE,**
Appellee.

No. 4D20-1986

[June 9, 2021]

Appeal of nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jaimie R. Goodman, Judge; L.T. Case No. 50-2020-CA-005951-XXXX-MB.

Barry Carothers of BC Law, Stuart, for appellant.

Philip G. Thompson of Thompson & Thomas, P.A., West Palm Beach, for appellee.

FORST, J.

Appellant James Cullen Lowery, III ("Defendant") appeals from a nonfinal order denying his motion to transfer venue from Palm Beach County. The sole issue on appeal is whether—for purposes of venue under section 47.011, Florida Statutes (2019)—a cause of action for libel per se accrued in the county in which an allegedly libelous Facebook post originated (here, Martin County), or in a county where the post was accessed and read by a third party. We hold: (1) a Facebook post cannot be libelous until it is published *and* accessed; (2) a posting placed on a public Facebook page is instantaneously accessible throughout Florida; and (3) Appellee Shane McBee's ("Plaintiff") complaint sufficiently avers that the post at issue was accessed in Palm Beach County. Consequently, as set forth below, we affirm the trial court's denial of the motion to transfer venue from Palm Beach County.

**Background**

Plaintiff filed a Second Amended Complaint, asserting one count of libel per se against Defendant, stemming from Defendant's purported posting

of an allegedly libelous public Facebook post.  Within the Second Amended Complaint, Plaintiff alleged that although Defendant was a resident of Martin County, venue was proper in Palm Beach County because that was where the Facebook post was received and read by a third party, which Plaintiff equated to being where the cause of action accrued.  Plaintiff further identified the name of a specific Palm Beach County resident that had allegedly received and read the contents of the Facebook post.

Based on Plaintiff's choice of venue, Defendant filed a motion to dismiss or transfer venue.  Section 47.011, Florida Statutes (2019), pertinently provides that a civil action "shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located."  Defendant stated it was undisputed that he resided in Martin County and that the instant case did not involve property.  Defendant therefore maintained that under section 47.011, venue would have been proper in Palm Beach County only *if* that is where "the cause of action accrued."

In contrast to Plaintiff's argument that a cause of action for libel accrued where the purportedly libelous statement was received and read by a third party, Defendant claimed that a cause of action for libel accrued where the libelous statement originated, citing to *Florida Gamco, Inc. v. Fontaine*, 68 So. 3d 923 (Fla. 4th DCA 2011), and section 770.07, Florida Statutes (2019), in support.  Defendant contended that, "[g]iven [] the defendant resides in Martin County, if defendant had made the Facebook post at issue it would have originated, and therefore been published, in Martin County."  From this, Defendant asserted that Martin County was the proper venue.

Plaintiff filed a response in opposition.  Plaintiff argued that Defendant incorrectly interpreted section 770.07—which provides that a cause of action for libel shall be "deemed to have accrued at the time of first publication"—to mean that the cause of action for libel accrued in the county in which the publication originated.  According to Plaintiff, "first publication" of Defendant's Facebook post "d[id] not accrue until the electronic statement [wa]s received and accessed on the other end by a third party[,]" as a "defamatory statement must be received and read[] by a third party for the plaintiff to be injured by the statement."

Plaintiff further maintained that, under *Perdue v. Miami Herald Publishing Co.*, 291 So. 2d 604 (Fla. 1974), a cause of action for libel would accrue in the county where Defendant's Facebook post was distributed or received, not where the post originated.  As the purportedly libelous

Facebook post was received and read in Palm Beach County, Plaintiff asserted that venue was proper there.

The trial court held a hearing on Defendant's motion to dismiss or transfer venue, wherein the parties repeated their respective arguments. Regarding the motion to transfer venue, the court denied the motion, finding that a cause of action had not accrued until the purportedly libelous statement was "accessed and read" by a third party.[1] The trial court therefore found that venue was proper in Palm Beach County.

## Analysis

"When a trial court is presented with a motion to transfer venue based on the impropriety of the plaintiff's venue selection under section 47.011, the trial court must resolve any relevant factual disputes and then make a legal decision [as to] whether the plaintiff's venue is legally supportable." *McDaniel Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc.*, 39 So. 3d 504, 508 (Fla. 4th DCA 2010). We review the trial court's resulting legal conclusions *de novo. Id.*

"It is the prerogative of the plaintiff to select the venue of his or her suit, and when that choice is one of the three statutory alternatives, it will be honored." *Weinberg v. Weinberg*, 936 So. 2d 707, 708 (Fla. 4th DCA 2006). If a defendant contests the plaintiff's chosen venue, the burden is on the defendant to prove that the plaintiff's selected venue was improper. *Fla. Gamco, Inc.*, 68 So. 3d at 928. "As a part of this burden, the [defendant] . . . must demonstrate where the proper venue is." *McDaniel*, 39 So. 3d at 508 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nat'l Bank of Melbourne & Tr. Co.*, 238 So. 2d 665, 667 (Fla. 4th DCA 1970)). If the defendant sufficiently demonstrates that a plaintiff's choice of venue is improper and establishes the location of proper venue, "[t]he widely accepted practice in Florida courts" is to transfer the case rather than dismiss it. *Russomano v. Maresca*, 220 So. 3d 1269, 1271 (Fla. 4th DCA 2017).

As noted above, section 47.011 provides that "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." Here, it is undisputed that Defendant is a resident of Martin County. It is also undisputed that the instant case does not involve property. Accordingly,

---

[1] As to the motion to dismiss, the court found that dismissal was inappropriate because Defendant had already filed an Answer.

venue is proper either in Martin County, or "where the cause of action accrued[.]" *See* § 47.011, Fla. Stat. (2019).

The parties disagree as to where the cause of action for libel per se accrued. As below, Plaintiff maintains that the cause of action accrued in Palm Beach County because that is where the purportedly libelous statement was read and received by at least one individual. Defendant, however, maintains that the cause of action accrued in Martin County because that is where the allegedly libelous statement originated.

If the cause of action accrued in Palm Beach County, Defendant would necessarily have failed to meet his burden of demonstrating that venue was improper, and Plaintiff's choice of venue in Palm Beach County would need to be honored. *See Weinberg*, 936 So. 2d at 708. If, on the other hand, the cause of action accrued in Martin County, the only remaining statutory alternative for venue would be in Martin County, and the trial court would therefore have erred in denying Defendant's motion to transfer venue rather than transferring the case to Martin County. *See* § 47.011, Fla. Stat. (2019); *Russomano*, 220 So. 3d at 1271. Thus, the instant case turns entirely on the determination of where the cause of action for libel per se involving an electronic communication accessible by the public accrued.

In general, "[a] tort claim accrues for venue purposes 'where the last event necessary to make the defendant liable for the tort took place,' or where the harmful effect of the defendant's acts *first* took effect. Stated another way, a tort accrues where the plaintiff first suffers injury." *Fla. Gamco, Inc.*, 68 So. 3d at 929 (emphasis in original) (quoting *Weinberg*, 936 So. 2d at 709). Under Florida law, a cause of action for defamation toward a private individual requires five elements: (1) publication; (2) falsity; (3) that the alleged tortfeasor act "at least negligently on a matter concerning [the] private" individual; (4) actual damages; and (5) a defamatory statement. *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). Libel, in turn, is a subcategory of defamation, defined as the unprivileged written publication of a false and defamatory statement.[2] *See Cooper v. Miami Herald Publ'g Co.*, 31 So. 2d 382, 384 (Fla. 1947).

---

[2] We note that a libelous statement "may be either libel per se or libel per quod." *Barry College v. Hull*, 353 So. 2d 575, 578 (Fla. 3d DCA 1977). And, "[t]he practical distinction between the two is that for libel per quod, actual malice and special damages must be proved." *Id.* However, the distinction between libel per se and libel per quod is irrelevant for purposes of determining where the cause of action accrued.

With these definitions in mind, it is clear that the instant tort claim for libel accrued in the county where the libelous statement was published, as publication would be the last event necessary to make a defendant liable for a claim of libel or defamation, and a plaintiff does not suffer injury until a libelous statement is published. *See Fla. Gamco, Inc.*, 68 So. 3d at 929. But in the instant case, both Defendant and Plaintiff disagree as to where publication of Defendant's purportedly libelous Facebook post occurred.

Although there is a statute concerning *when* a cause of action accrues for an action of libel or slander, that statute is not determinative of *where* the cause of action accrues or *where* publication occurs. Indeed, section 770.07, Florida Statutes, provides that "[a] cause of action for damages founded upon a single publication or exhibition or utterance . . . shall be deemed to have accrued *at the time of the first publication* or exhibition or utterance thereof in this state." § 770.07, Fla. Stat. (2019) (emphasis added). Thus, section 770.07 on its face "relates to the 'time' of accrual of the cause of action . . . [and] does not control the place (venue) of filing." *Perdue*, 291 So. 2d at 606.

In *Perdue*, the Florida Supreme Court considered whether a cause of action for libel could be brought only in the county in which a newspaper was published, or in any county where the newspaper was distributed or circulated thereafter. *Id.* at 606–07. As part of its consideration, the *Perdue* court discussed the then-recent enactment of section 770.05, Florida Statutes (which limits a claim for defamation to only one choice of venue), and section 770.07 (which, as discussed earlier, provides that a cause of action is deemed to have accrued at the time of first publication). *Id.* at 606. Noting that section 770.07 did not control the venue of a defamation action, the court read sections 770.05 and 770.07 *in pari materia* with the corporate venue statute (section 47.051, formerly section 46.04), ultimately determining that there were four appropriate venue locations, only one of which could be selected. *Id.* at 606–07.

These four venue locations were as follows: (1) "the county where the alleged libelous matter is first published"; (2) the "county or counties where the publisher has or usually keeps an office for transaction of its customary business"; (3) "where a bureau agency or office is maintained . . . for the purpose of distribution or circulation"; and (4) under the corporate venue statute, "such county or counties where the publication is distributed or placed on sale." *Id.* at 607 (alteration in original; internal quotation marks and citations omitted). Three of these four venue options were specifically tailored toward a corporate defendant. The only remaining venue option that could apply to a defendant in his or her

5

individual capacity was the first option—the county in which the alleged libelous matter is first published. *See id.*

With respect to this option and *where* the newspaper was first published, the court noted that "[t]he record clearly establishe[d] that the news item complained of was first published in Dade County in the evening and distributed to DeSoto County, nearly two hundred miles away, several hours later." *Id.* at 606. The court further stated that "first publication obviously was in Dade County." *Id.* However, the court rejected the newspaper's argument that proper venue for purposes of the corporate venue statute (now section 47.051) could *only* lie in Dade County; it found that **"where the cause of action accrued . . . [is] view[ed] in the case of a publication as limited to such county *or counties* where the publication is distributed or placed on sale."** *Id.* at 607 (emphasis added; internal quotation marks omitted).

Both section 47.051 and the venue statute in the instant case (section 47.011) state that actions shall be brought "*where the cause of action accrued.*" *See* §§ 47.051 & 47.011, Fla. Stat. (emphasis added). This identical language across both statutes implies that venue for an individual defendant may also lie in the county or counties where publication of allegedly libelous material is distributed. In *Perdue*, the record did "not include any finding regarding the factual question of whether the publication was distributed or placed on sale in DeSoto County," *id.* at 607; thus, with respect to determining where the cause of action accrued, the court remanded the case "to the trial court for a determination of whether the publication here in question was distributed or placed on sale in DeSoto County . . . ." *Id.* In the instant case, the trial court has determined that "the publication here in question was distributed" in Palm Beach County. *See id.*

Plaintiff also draws our attention to the more recent Florida Supreme Court opinion *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201 (Fla. 2010). In that case, the defendant was a resident of the State of Washington and posted a blog entry critical of the plaintiff, a Florida firm, on the defendant's website. *Id.* at 1202. The plaintiff filed a defamation claim against the defendant in a federal district court in Florida. *Id.* In considering a certified question from the Eleventh Circuit, the Florida Supreme Court focused on whether the defendant was subject to personal jurisdiction under Florida's long-arm statute. *Id.* at 1202–03.

There was no question that the post at issue in *Internet Solutions Corp.* originated outside of Florida. However, as in the instant case, that communication was instantaneously accessible in every county and

country where the internet was publicly available, not only in the county where it was posted. Thus, the focus of the court was whether the post was both accessible *and* accessed, with the court concluding that:

> [A]llegedly defamatory material about a Florida resident placed on the Web and accessible in Florida constitutes an "electronic communication into Florida" when the material is accessed (or "published") in Florida. In the context of the World Wide Web, given its pervasiveness, an alleged tortfeasor who posts allegedly defamatory material on a website has intentionally made the material almost instantly available everywhere the material is accessible. By posting allegedly defamatory material on the Web about a Florida resident, the poster has directed the communication about a Florida resident to readers worldwide, including potential readers within Florida. When the posting is then accessed by a third party in Florida, the material has been "published" in Florida and the poster has communicated the material "into" Florida, thereby committing the tortious act of defamation within Florida. This interpretation is consistent with the approach taken regarding other forms of communication.

*Id.* at 1214–15.

The court rejected the defendant's "assert[ion] that her acts were completed in the State of Washington and nothing on the website could be published to a Florida computer 'unless (and until) the *reader* reached up into Washington and retrieved it.'" *Id.* at 1215 (emphasis in original). The court noted that this argument "ignores the nature of the Web." *Id.* at 1216. Thus, the focus in *Internet Solutions Corp.* with respect to personal jurisdiction under Florida's long-arm statute was whether "the material was accessed—and thus published—in Florida." *Id.* at 1215. Although *Internet Solutions Corp.* dealt with jurisdiction, its discussion regarding when a communication is published is applicable to the instant case's venue determination—there is no "publication" and the cause has not accrued until the communication is accessed.

Defendant principally relies on our opinion in *Florida Gamco, Inc. v. Fontaine*, 68 So. 3d 923 (Fla. 4th DCA 2011). There, a plaintiff brought forth claims of slander and libel against a single defendant in Broward County. *Id.* at 926. The plaintiff alleged that the defendant was a Leon County resident, but asserted that venue was proper in Broward County, as that was "the place . . . where all relevant actions or omissions occurred." *Id.* Moreover, as to the slander and libel claims, the plaintiff

7

alleged that the defendant had orally published certain false and defamatory statements about the plaintiff during phone conversation (slander), and that this defendant also published defamatory statements about the plaintiff through email (libel). *Id.* The recipients of the phone conversations "were located in Leon County" and "any email . . . would have been sent from Leon County." *Id.*

After an evidentiary hearing, the trial court denied the defendant's motion to dismiss the complaint or to transfer venue to Leon County. *Id.* at 927. On appeal, we noted that any cause of action for slander or libel would have accrued "at the time of [] first publication" under section 770.07. *Id.* at 930. We then stated that the defendant's testimony about the phone conversations and email originating from Leon County sufficiently shifted the burden of demonstrating proper venue back to the plaintiff. *Id.* The plaintiff failed to meet that burden because the allegedly defamatory communications (phone call and email) *originated and were received* ("accrued") *only* in Leon County, and the plaintiff could offer no proof that the communications were accessed in her choice of venue, Broward County. *Id.* at 930. Thus, *Florida Gamco, Inc.* is distinguishable from the instant case, just as a phone call or email directed to a limited number of individuals is distinguishable from a post accessible and potentially accessed by the billions of people with access to the world wide web.

## Conclusion

"[A] tort claim accrues for venue purposes 'where the last event necessary to make the defendant liable for the tort took place,' or where the harmful effect of the defendant's acts *first* took effect. . . . Stated another way, a tort accrues where the plaintiff first suffers injury." *Weinberg*, 936 So. 2d at 709 (emphasis in original) (quoting *Tucker v. Fianson*, 484 So. 2d 1370, 1371 (Fla. 3d DCA 1986)). Here, there was no "injury" to Plaintiff until the allegedly defamatory Facebook post was published *and* accessed (received and read). The trial court determined that Plaintiff sufficiently established that the post was accessed by an individual in Palm Beach County. Thus, the cause of action accrued in that county (as it may have accrued in other counties where a person or persons accessed the statement, as the message was posted simultaneously in all sixty-seven Florida counties).[3] Accordingly, we join the trial court in declining to disturb Plaintiff's choice of venue.

---

[3] This does not mean that the purported victim of defamation can initiate causes of action in multiple counties based on the same posting. As indirectly noted earlier, "[n]o person shall have more than one choice of venue for damages for

8

*Affirmed.*

CIKLIN and GERBER, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

---

libel or slander, invasion of privacy, or any other tort founded upon any single publication, exhibition, or utterance . . . . Recovery in any action shall include all damages for any such tort suffered by the plaintiff in all jurisdictions." § 770.05, Fla. Stat.