PER CURIAM.
Arthur E. Roberts and Roberts & Law (“Roberts”) appeal a non-final order denying their motion to abate for improper venue and granting George T. Cason, Sr. and Lila Ca-son’s (“the Casons”) motion for rehearing.
The Casons filed a complaint against Roberts[1] for professional negligence, i.e., legal malpractice. The Casons’ complaint alleges that Roberts negligently represented them, both in the preparation of closing documents and in the handling of the closing as well as post-closing transactions, and failed to properly protect their financial interests. Although the closing was held in Orange County, the property was located in Lake County.
Roberts filed a motion to abate for improper venue, alleging that venue was improper in Orange County because the cause of action accrued in Lake County, where the alleged negligent representation would have impacted the Casons’ economic interests. The trial court orally granted the motion and ordered the case transferred to Lake County. Before the ore tenus order was reduced to writing, the Casons filed a motion for rehearing which the trial court granted. After the rehearing, the trial court reversed its position and denied the motion to abate for improper venue, determining that Orange County was the proper venue. For the reasons stated in the concurring opinions, we affirm.
AFFIRMED.
HARRIS, C.J., and THOMPSON, J., concur and concur specially, with opinions.
COBB, J., dissents, with opinion.
HARRIS, Chief Judge,
concurring specially:
Because I cannot tell from the record before us whether the arrow shot into the air *441 in Orange County fell to earth in Orange or Lake County[1] (or perhaps remains suspended in mid-air as suggested by Judge Cobb), I concur with Judge Thompson that the trial judge who upheld venue in Orange County should be affirmed. In Tucker, all of the alleged negligent representations appear to have been performed in Broward County and the only claim to Dade County venue was based on the negative impact to the client’s Dade County property. Even so, Tucker held that since a cause of action for negligence is not complete until damages occur, Dade County properly had venue. There is no indication in this case that the plaintiffs damages are limited to a negative impact on his Lake county property.
In our case, it is alleged that the plaintiff was damaged, at least in part, because of the negligence of his attorney at an Orange County closing in which the plaintiff disposed of some interest in his Lake County property. The nature of the negligence and the particulars of the damages are not detailed in the amended complaint nor in any affidavits before this court, so we are not informed as to the exact nature of the defendant’s malpractice nor the results thereof. It is possible that negligence resulted in the seller (plaintiff) receiving less consideration for his property than the contract provided. If so, his damages may well have occurred in Orange County where the consideration was delivered.
I agree with Judge Cobb that the amended complaint in this case does not state a cause of action because “it remains necessary in the setting of a legal malpractice case to plead more than the naked legal conclusion that the defendant was negligent.” Rios v. McDermott, Will and Emery, 613 So.2d 544 (Fla. 4th DCA 1993). The amended complaint in this case does not meet this pleading standard.
But we are here considering a venue question, not an order dismissing a complaint. In considering the question of proper venue, is it necessary that the complaint “state a cause of action,” or is it sufficient that the complaint merely allege that the cause of action (even if inartfully and inadequately pled) accrued in a certain county? In other words, must the defendant prevail on his motion to change venue merely because the plaintiff failed in his initial effort (or as in this case, his first amended effort) to properly state his cause of action? I think not. If, in fact, the plaintiff can allege a cause of action for legal malpractice occurring in Orange County, I think he should be able to choose that venue.
In his complaint, the plaintiff alleged that the defendant negligently represented him at an Orange County closing and as a result thereof, he suffered damages in excess of $15,000. Even though he has not adequately pled his cause of action, he has nevertheless indicated that his cause of action accrued, at least partially, in Orange County. I agree with Judge Cobb that proper venue cannot be determined in a case such as this until a sustainable complaint is before the court. I simply do not agree that the plaintiff should not be given an opportunity to again amend his complaint so that it can be determined' whether the defendant’s alleged negligence caused any injury in Orange County before the issue of venue is finally determined.[2]
*442 I, therefore, would affirm the trial court without prejudice to the defendant to challenge the amended complaint. If the court dismisses the complaint with leave to amend, the defendant should be able to renew his motion for change of venue directed to the second amended complaint. If the court sustains the current complaint, that can be reviewed at the appropriate time.

. Roberts & Law is a partnership having its only place of business in Lake County.

. See Tucker v. Fianson, 484 So.2d 1370, 1372-3 (Fla. 3d DCA 1986), rev. denied, 494 So.2d 1153 (Fla.1986):
In sum, it is claimed that, while lawyer Tucker negligently shot his arrow into the air in Bro-ward County, it did no harm and had no effect until it fell to earth in Dade. It is therefore here that he must answer for his asserted error.

. Compare this case with Hart v. Handling Systems Engineering, Inc., 502 So.2d 1319 (Fla. 1st DCA 1987), in which the court reversed a trial court’s order denying a change of venue:
Generally, a plaintiff is not required to plead and prove venue. (Citation omitted). But if a plaintiff is to maintain his suit in a county other than that of the defendant’s residence, the complaint should circumscribe facts which bring the cause within an exception set forth in the applicable venue statute....
Here, not only does the complaint show on its face that venue in Duval County is improper, but the defendant presented evidence at the hearing on the motion that no cause of action accrued in Duval County. The plaintiff failed to present evidence to the contrary. Under such circumstances, the trial court abused its discretion in denying the motion challenging venue.
First, unlike our case, Hart involved a sustainable complaint. Second, the complaint in our *442 case did not negate venue in Orange County. Third, although he had an opportunity to do so, the defendant presented no evidence that venue was not proper in Orange County.