COPE, J.
Plaintiff-appellant Utilicore Corporation appeals the transfer of its action for breach of contract and breach of fiduciary duty to Sarasota County. We reverse.
Utilicore is in the business of providing telephone and related services to retail customers who reside in large apartment complexes. Defendants-appellees David Bed-narsh and Thomas Beard are the former president and executive vice president of Uti-licore.In November 1998 Utilicore filed an action against Bednarsh and Beard alleging that, among other things, the defendants had breached their fiduciary duties, usurped corporate opportunities and tortiously interfered with corporate opportunities. Utilicore alleged that its causes of action accrued in Miami-Dade County, in part based on the fact that it had 4,100 customers in Miami-Dade County. Utilicore alleged that defendants had taken actions to acquire those customers for their own later-formed corporation, appellee American Phone Corporation. In response, defendants filed a Motion to Abate for Improper Venue[1] in which they argued that venue was only proper in Sarasota County. After a hearing at which the trial court accepted Utilicore’s proffer of evidence of the causes of action accruing in Miami-Dade County and at which defendants provided no evidence, the trial court granted the defendants’ motion.
Utilicore sufficiently alleged that at least one of its causes of action accrued in Miami-Dade County. Its proffer of evidence was accepted as true by the trial court and established the same point. That being so, venue was proper in Miami-Dade County and the court erred in granting the motion. See § 47.041, Fla. Stat. (1997); Sunshine Yacht Sales Inc. v. Bob Anslow Yacht Sales, Inc., 669 So.2d 342, 343 (Fla. 3d DCA 1996).
*854 The trial court’s oral pronouncement suggests that the court believed venue should be transferred because Miami-Dade County was an inconvenient forum. The defendants had not filed a motion to transfer under section 47.122, Florida Statutes (1997),[2] nor had the court given advance notice that it desired to entertain such a claim on its own motion. Our reversal is without prejudice to the trial court to consider the issue of transfer for convenience on proper notice.
Reversed and remanded for further proceedings consistent herewith.

. Under the rules, this would more properly be described as a motion to dismiss for improper venue. See Fla. R. Civ. P. 1.140(b)(3); Bruce J. Berman, Florida Civil Procedure ¶ 140.4[2][c], at 111 (1998).

. Transfer for convenience within Florida is governed by section 47.122. When the more convenient forum is outside of Florida, the procedure is governed by Florida Rule of Civil Procedure 1.061. See Bruce J. Berman, supra note 1.