761 So.2d 1131 (1999)
PRICEWATERHOUSECOOPERS LLP and Michael Willis, Appellants,
v.
CEDAR RESOURCES, INC., Appellee.
No. 99-00144.
District Court of Appeal of Florida, Second District.
September 10, 1999.
*1132 Thomas J. Roehn, Jodi L. Corrigan, and Lorien Smith Johnson of Annis Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for Appellants.
Gary N. Strohauer of Baxter, Strohauer & Mannion, P.A., Clearwater, for Appellee.
ALTENBERND, Acting Chief Judge.
The appellants, PricewaterhouseCoopers LLC ("PWC") and Michael Willis ("Willis"), appeal the trial court's denial of their motion to transfer venue from Pinellas County. We reverse. Although common sense suggests that a major international accounting firm conducting statewide business from an office a few miles from the Pinellas County Courthouse should be subject to that venue, the venue statutes require resolution of this lawsuit either in Orange County or Hillsborough County.
The appellee, Cedar Resources, Inc. ("Cedar"), filed a three-count complaint against PWC and Willis in Pinellas County alleging three tort claims: negligent misrepresentation, fraudulent misrepresentation, and securities fraud under the Florida Securities and Investor Protection Act (FSIPA). See § 517.301, Fla. Stat. (1993). The crux of this lengthy complaint is that PWC and its agent, Willis, misrepresented the financial health of a corporation, Quadrex Corporation, whose shares Cedar agreed to take in exchange for shares of a subsidiary owned by Cedar. Cedar alleges that had it known the true status of the corporation's affairs, it never would have agreed to the exchange of stock. Cedar claims that PWC and Willis knew of the corporation's problems and intentionally or negligently produced financial statements concealing them. Relying on PWC's misrepresentations, Cedar ultimately purchased the shares at a closing held in Orange County. After Cedar purchased the shares, the true state of the corporation's affairs became publicly known and the market value of these shares dropped dramatically.
Cedar's complaint admits that PWC's office is in Hillsborough County, but claims that it does business throughout the state from this location. Cedar does not allege that Willis has any ties to Pinellas County. To justify venue in Pinellas County, Cedar's complaint alleges that its injuries occurred and the causes of action accrued in Pinellas County.
*1133 PWC and Willis responded to the complaint by filing a motion to transfer venue from Pinellas County. Thereafter various affidavits were filed on the venue issue and the parties conducted discovery on this issue.[1] The discovery established that PWC and Willis had no contractual relationship with Cedar. PWC provided independent auditing and accounting services to Quadrex, which was a publicly traded Delaware Corporation with an office in Alachua County. Willis is a certified public accountant who works for PWC. Neither PWC nor Willis performed any services for Quadrex in Pinellas County. Most, if not all, of the documents that Cedar relies upon as containing misrepresentations or omissions were public information filings and SEC filings. Cedar claims, for example, that PWC knew that Quadrex had several serious financial problems and failed to disclose those problems in SEC filings.
The only connections that Pinellas County can claim to this dispute are that Cedar received copies of Quadrex's allegedly fraudulent financial statements at its principal place of business located in Pinellas County, and someone mailed the actual stock certificates to Cedar in Pinellas County after the closing in Orange County. The trial court determined that these connections to Pinellas County were a sufficient "nexus" to justify venue there and denied the motion to transfer. PWC and Willis then filed this nonfinal appeal.

I. THE STANDARD OF REVIEW
Cedar urges us to review the trial court's venue decision under an abuse of discretion standard, citing to Instrumentation Services, Inc. v. Data Management Associates, 708 So.2d 1018 (Fla. 4th DCA 1998), and Air South, Inc. v. Spaziano, 547 So.2d 314 (Fla. 4th DCA 1989). Cedar's reading of Instrumentation Services and Air South overlooks the fact that there are at least two different types of venue decisions a trial court may be asked to make, each requiring a different standard of review.
For example, when a party moves to transfer venue for the convenience of the parties, the trial court is faced with more than one legally acceptable venue and must chose a good location. The trial court exercises discretion in making this venue decision. See Hu v. Crockett, 426 So.2d 1275, 1281 (Fla. 1st DCA 1983). The trial court's selection will not be disturbed by an appellate court absent an abuse of discretion. Id; see J.L.S. v. R.J.L., 708 So.2d 293 (Fla. 2d DCA 1998). If the trial court transfers venue to a location where the action could not have been brought, such a transfer is probably both an error of law and an abuse of discretion. See Tindall v. Smith, 601 So.2d 627 (Fla. 2d DCA 1992); Bingham v. Manson, 363 So.2d 370 (Fla. 1st DCA 1978).
By contrast, when a trial court is presented with a motion to transfer venue based on the impropriety of the plaintiff's venue selection, the defendant is arguing that, as a matter of law, the lawsuit has been filed in the wrong forum. In order to rule on such a motion, the trial court needs to resolve any relevant factual disputes and then make a legal decision whether the plaintiff's venue selection is legally supportable. A trial court's factual decisions in this context are reviewed to determine whether they are supported by competent, substantial evidence or whether they are clearly erroneous. See Holland v. Gross, 89 So.2d 255, 258 (Fla.1956); Bradley v. Waldrop, 611 So.2d 31, 32 (Fla. 1st DCA 1992). The trial court's legal conclusions are reviewed de novo.
In this case, the trial court made the second type of venue decision. There is no factual issue on appeal. The trial court was required to decide only whether venue *1134 was proper in Pinellas County. It was not presented with options over which it could exercise discretion.[2] We review the trial court's legal decision de novo and conclude that it was incorrect.

II. THE CAUSES OF ACTION FIRST ACCRUED IN ORANGE COUNTY
Venue is proper in Pinellas County only if at least one of the three causes of action alleged in the complaint accrued in Pinellas County. See §§ 47.011, .041, Fla. Stat. (1997). The plaintiff does not argue that PWC has an office or agents in Pinellas County. See § 47.051, Fla. Stat. (1997). Willis does not reside in Pinellas County, nor is there property in litigation in Pinellas County. See § 47.011, Fla. Stat. (1997).
The trial court came to the wrong legal conclusion in resolving the motion to transfer because it applied the wrong law to this case. The concept of "nexus" is not used to determine whether a tort action accrued in Pinellas County for purposes of venue under sections 47.011 or 47.051.[3] Rather, for venue purposes, a tort claim "is deemed to have accrued where the last event necessary to make the defendant liable for the tort took place." Tucker v. Fianson, 484 So.2d 1370, 1371 (Fla. 3d DCA 1986). Stated another way, a cause of action of this type accrues at the moment the wrong and the injury both accrue. See Coggin Pontiac, Inc. v. Putnam Auto Sales, Inc., 278 So.2d 647, 648 (Fla. 1st DCA 1973). In this case, that moment occurred in Orange County. Notwithstanding that the plaintiff may suffer subsequent damages, even its greatest damage, in another county, the tort accrues with the first compensable damage. See Gaboury v. Flagler Hosp., 316 So.2d 642 (Fla. 4th DCA 1975). Despite Cedar's argument to the contrary, this venue principle applies to all three of its claims, including its securities fraud claim under section 517.301. See Orlando Auto Auction, Inc. v. Crown Capital Corp., 171 So.2d 30 (Fla. 1st DCA 1965).
According to Cedar's allegations, it was first injured when it obtained ownership of the stock. That occurred at the closing in Orange County. The fact that it obtained financial documents prior to the closing in Pinellas County or that the formal stock certificates were subsequently mailed to it in Pinellas County does not alter where its causes of action accrued.
For the first time on appeal, Cedar suggests that it sustained compensable injury in Pinellas County prior to the closing because of its expenses in preparing for that closing. This theory is akin to a claim for contractual reliance damages. See Resorts Int'l v. Charter Air Ctr., 503 So.2d 1293, 1296 (Fla. 3d DCA 1987) (explaining difference between reliance damages and expectation damages). The problem with this argument is that Cedar is not alleging fraud in the inducement of a contract to sell upon which it did not close. Rather, Cedar is seeking damages similar to contractual expectation damages caused by the actual sale.[4]
Accordingly, venue is not proper in Pinellas County, and we reverse the order denying the motion to transfer venue. On remand, the plaintiff should be given the *1135 opportunity to chose the county to which the trial court will transfer venue, either Orange County, where the causes of action accrued, or Hillsborough County, where the defendants reside.
In closing, we note that we reach this result only because the venue statutes require it. The venue statutes continue to reflect horse-and-buggy economic policy in an era of electronic commerce conducted by international corporations. PWC is a huge international accounting firm that advertises on the Internet that "[n]o matter where you're located, chances are there's a PWC office near you."[5] It has an office in Hillsborough County that is as convenient to the Pinellas County Courthouse in Clearwater as to the Hillsborough County Courthouse in downtown Tampa. Perhaps it should advertise that "[n]o matter where you're located, we don't want to litigate there."
Reversed and remanded.
BLUE and DAVIS, JJ., Concur.
NOTES
[1] A related federal case had previously been filed and dismissed in the Middle District of Florida, Tampa Division, so the parties had already conducted some discovery in that case.
[2] We note that if the trial court had granted the motion, it appears that it then may have had some discretion to decide whether to transfer the action to Hillsborough County or Orange County. See Fla. R. Civ. P. 1.060(b).
[3] The concept of nexus is relevant when the trial court is considering a motion to transfer venue on forum non conveniens grounds under section 47.122, Florida Statutes (1997), see Sullivan v. Klein, 691 So.2d 21 (Fla. 3d DCA 1997), or when the trial court is considering whether a corporation transacts business in a particular county for venue purposes under section 47.051, Florida Statutes (1997), see U-Haul Co. of Northern Fla. v. Fuller, 417 So.2d 1102 (Fla. 4th DCA 1982).
[4] It does not appear that such reliance damages are a compensable injury under its section 517.301 FSIPA claim. See § 517.211, Fla. Stat. (1993) (providing remedies for violations of section 517.301).
[5] According to PWC's website, http://www.pricewatehousecoopers.com/ gx/eng/about/locations/index.html, it has an office located near the Tampa International Airport.