SALTER, J.
 

 The Scotts Company, a subsidiary, and an employee (collectively, “Scotts”) appeal a circuit court order reinstating a lawsuit filed in that court by the appellee, Hacienda Loma Linda. The lawsuit was previously dismissed for forum non conveniens.
 
 [1]
 
 This second appeal requires attention to certain measures taken by foreign jurisdictions and foreign plaintiffs to counteract such dismissals in the United States. Concluding that our Florida Supreme Court’s watershed ruling in
 
 Kinney System, Inc. v. Continental Insurance Co.,
 
 674 So.2d 86 (Fla.1996), will be essentially abrogated if we give effect to such measures, we reverse the order below and direct that the Florida case be dismissed.
 

 Scotts I
 

 Hacienda, a Panama corporation with its principal place of business in Panama, cultivated orchids at nurseries located in Panama. Hacienda’s officers and employees were based in Panama, though its president also maintained a home and home office in Miami. Hacienda claimed that an employee of Scotts met with him at a trade show in Florida and told him about a product called “Osmocote Plus” that would benefit Hacienda’s orchids. Instead, Hacienda claimed, the product destroyed thousands of the orchids in Panama with resultant and catastrophic monetary damage to Hacienda.
 

 Hacienda commenced its lawsuit in the circuit court in Miami in 2004. Scotts moved to dismiss the complaint for forum non conveniens, but the motion was denied after an evidentiary hearing. This Court reversed that ruling in
 
 Scotts I
 
 after re
 
 *1015
 
 viewing the record under the analysis established in
 
 Kinney.
 
 Although we concluded then that “under the circumstances of this case, there is no preemption
 
 [2]
 
 and Panama will be an adequate alternate forum available to resolve this dispute,” we required the parties to “stipulate as a condition of dismissal that the court retain jurisdiction in the event the Panama court does not entertain the case based on preemption.”
 
 Scotts I,
 
 942 So.2d at 902-03 (citations omitted).
 

 The Blocking Statute and Hacienda’s Lawsuit in Panama
 

 After this Court had granted dismissal for forum non conveniens, but while Hacienda unsuccessfully sought rehearing, rehearing en banc, and discretionary review in the Florida Supreme Court, Panama enacted a law titled “Special Procedure for Resolving International Disputes.” Article 1421-J of that law purported to block transfers based on forum non conveniens:
 

 Suits brought in this country as a result of a foreign judgment of forum non con-veniens preclude domestic jurisdiction. Thus, they must be rejected ex officio for lack of jurisdiction for constitutional reasons or based on provisions of preventive jurisdiction.
 
 [3]
 

 Hacienda immediately cited the new statute in support of its then-pending motions for rehearing and rehearing en banc, but as noted, this Court denied the motions. Ultimately, proceedings to challenge the statute were brought in the Supreme Court of Panama, the Attorney General of Panama opined that the statute was unconstitutional, and the law was repealed in early 2008.
 

 But in the interim, on November 21, 2007, Hacienda filed its complaint in a trial court in Panama. Instead of limiting the complaint to the critical facts and legal support for the claims and relief sought, however, Hacienda’s complaint also included: copies and certified translations of key pleadings and the order of dismissal in the Florida circuit court case; a copy and certified translation of this Court’s decision in
 
 Scotts I;
 
 and a copy of the blocking statute, including Article 1421-J. Three business days later, and without considering any pleading or response filed by Scotts, the Panamanian court entered a decision declining jurisdiction on two grounds. First, the court found that the 2006 blocking statute, Article 1421-J (which had not yet, at that date, been repealed), “requires Panamanian judges to reject outright any action arising from the application of forum non conveniens.” Second, that court applied the principle of “preventive jurisdiction,” relying on decisional law “ruling that a Panamanian Circuit Court Judge must ‘disqualify’ himself from hearing the case for lack of jurisdiction, since the foreign Court had been given jurisdiction over same.”
 

 The Panamanian court noted at the outset, however, that jurisdiction was otherwise available and that “the complaint fully meets all the requirements indicated in
 
 *1016
 
 article 665 of the Legal Code, with regard to the naming of the parties, the designation of the competent court, specification of the thing or judgment sought, etc.” In short, Hacienda’s complaint in Panama was rejected there because (a) Hacienda included allegations and exhibits sufficient to invite dismissal based on preemption and the blocking statute, and (b) Hacienda did not stipulate to jurisdiction or ask the Panamanian court not to dismiss on grounds of preemption or the blocking statute.
 

 The Appeals in Panama
 

 If Hacienda’s complaint in Panama led with its chin, its “appeal” from the order of dismissal there truly and literally took a dive. On behalf of the appellant, Hacienda’s attorneys in Panama included a statement asking the Panamanian appellate court to
 
 confirm
 
 the lower court’s ruling because it is “in our best legal and ethical opinion, in accordance with and strictly adheres to Panamanian law.” Counsel explained that Hacienda only took the appeal to avoid criticism in Florida “to the effect that we have not brought to bear all the recourses and remedies available to us.” Scotts also appealed the lower court of order of dismissal, and both appeals are pending.
 

 Analysis
 

 Federal courts paved the way for forum non conveniens analysis in international eases in
 
 Gulf Oil Corp. v. Gilbert,
 
 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). As globalization brought ever more international cases into state courts,
 
 Gulf Oil
 
 was extensively followed in the states by rule and decision. In Florida,
 
 Kinney
 
 cited and substantially followed
 
 Gulf Oil. See Kinney,
 
 674 So.2d 86.
 

 But the lure of U.S. tort laws, pretrial discovery, class actions, punitive damages, jury verdicts, and contingent legal fees assured that a kind of international legal chess game
 
 [4]
 
 would follow the early forum non conveniens rulings. In an effort to enhance their own citizens’ chances of avoiding a forum non conveniens dismissal in the U.S., a number of countries enacted laws or rendered judicial decisions intended to preclude their own courts from hearing the refiled cases. The plain intention of these measures was to assure that the foreign country would not be an “available adequate forum” for purposes of the U.S. court’s forum non conveniens analysis, with the hoped-for result that a plaintiff from that country would be able to keep its claims in the U.S. court. One commentator has referred to such measures as “forum shopping support” laws.
 
 [5]
 

 For a Florida court, the dilemma is readily apparent. On the one hand,
 
 Kinney
 
 holds that Florida simply cannot become a courthouse for the entire world, our taxpayers should not pay for the resolution of lawsuits that are utterly unconnected to this state’s interests, and a set of rational tests should be applied to a lawsuit filed here to determine whether Florida is the proper forum. On the other hand, our well-established principles of comity suggest that (assuming an acceptable level of due process and a functional legal system in the foreign country) we should generally recognize the decisions of a foreign court.
 

 
 *1017
 
 We reconcile these competing objectives by returning to the principles upon which
 
 Gulf Oil
 
 and
 
 Kinney
 
 were based, and by recognizing that our courts cannot be compelled by other countries’ courts and lawmakers to resolve cases that should be determined in those countries. In the present case, and as we decided in
 
 Scotts I,
 
 the case plainly belongs in Panama. Scotts’ products were applied to Hacienda’s orchids there; the orchids were allegedly damaged there; and the alleged damages were suffered there by a company incorporated and based there. Florida “has no interest in adjudicating the dispute of a Panama corporation whose property was injured in Panama by events taking place there.”
 
 Scotts I,
 
 942 So.2d at 903. Under
 
 Bishop v. Florida Specialty Paint Co.,
 
 389 So.2d 999 (Fla.1980), and Section 145 of the Restatement (Second) of Conflict of Laws (1971), Panamanian law will apply to the alleged tort. These are all sound reasons for a Florida court to decline to hear the case.
 

 The record indicates that, but for the actions taken by Hacienda and the invocation of preemption and the blocking statute, the Panamanian court would have retained jurisdiction. The record also indicates that Hacienda’s “appeal” in Panama was not in good faith, but was instead on its face an intentional effort to obtain an affirmance of the dismissal as further support for reinstatement of the original case in Florida.
 
 [6]
 

 Federal courts have declined to recognize foreign laws purporting to make a country’s courts “unavailable” merely because of a prior U.S. filing and forum non conveniens dismissal.
 
 See,
 
 e.g.,
 
 Aguinda v. Texaco, Inc.,
 
 142 F.Supp.2d 534 (S.D.N.Y.2001). As another such decision notes, a foreign plaintiff will not be accorded unilateral authority regarding choice of forum simply by filing first in the United States.
 
 Morales v. Ford Motor Co.,
 
 313 F.Supp.2d 672, 676 (S.D.Tex.2004) (finding Venezuelan courts an available and adequate alternative forum because the defendant consented to jurisdiction in the plaintiffs home country). Other cases have upheld dismissal for forum non conveniens and a refusal to reinstate a U.S. lawsuit following a plaintiffs manipulation of a foreign court to procure dismissal there.
 
 In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation,
 
 470 F.Supp.2d 917 (S.D.Ind.2006);
 
 In re Ecuadorean Shrimp Litigation,
 
 No. 94-10139 (Fla. 17th Cir.Ct. Sept. 24,1999).
 

 Evaluating these Panamanian statutes, decisions, and procedural maneuvers de novo
 
 [7]
 
 , we do not find that Hacienda is entitled to the reinstatement of its original complaint in Florida. Analogous to the principle of “prevention of performance” in our law of contracts, a plaintiff in a lawsuit dismissed here for forum non conveniens may not render an alternative foreign forum “unavailable” and thereby
 
 *1018
 
 obtain reinstatement here by (a) itself inducing the foreign court to dismiss the foreign action or (b) relying on foreign laws or decisions plainly calculated to preclude dismissal in Florida under
 
 Kinney.
 
 Expressed another way, if our courts determine that a foreign forum is available and adequate, it is the obligation of the plaintiff to assent to jurisdiction there and to
 
 support
 
 that court’s exercise of jurisdiction over the matter and the parties. Further, that plaintiff may not assume that a foreign country’s preemption or blocking laws will be recognized here.
 
 [8]
 
 If the foreign country chooses to turn away its own citizen’s lawsuit for damages suffered in that very country, and if the other
 
 Kinney
 
 factors warrant dismissal here, it is difficult to understand why Florida’s courts should devote resources to the matter.
 

 For these reasons, we reverse the order of reinstatement, and we remand the case to the circuit court for dismissal. The defendants’ stipulations to jurisdiction of the Panamanian courts, to the “deemed” filing date and acceptance of service for the action (April 20, 2004), to payment of any judgment rendered against them on the claims in Panama (subject to all appellate rights of appeal and review under Panamanian law), and to the production of personnel and discovery in Panama, are continued in full effect pursuant to the Florida circuit court’s order of dismissal of July 80, 2007 following our remand in
 
 Scotts I.
 
 Similarly, Hacienda’s stipulations shall remain in effect. The dismissal we have directed, however, shall not include a retention of jurisdiction in the event the Panama court dismisses on grounds of preemption (“preventive jurisdiction”) or a blocking statute. The circuit court is to retain jurisdiction under Florida Rule of Civil Procedure 1.061(h) to enforce the stipulations in Rule 1.061 and in this paragraph.
 

 Reversed and remanded for the dismissal of Hacienda’s lawsuit consistent with the terms of this opinion.
 

 [1]
 

 .
 
 The Scotts Co. v. Hacienda Loma Linda,
 
 942 sold 900 (Fla. 3d DCA 2006)
 
 ("Scotts I
 
 ”).
 

 [2]
 

 . In the context of international forum shopping, "preemption” (sometimes also referred to as "preventive jurisdiction”) refers to a judicial or legislative basis in Country A for refusing jurisdiction over a case initially filed by a citizen of Country A in Country B. Another, if less subtle, method of attempting such a result is a so-called "blocking statute,” in which Country A’s legislature prohibits its judiciary from exercising jurisdiction over such cases.
 
 See
 
 Walter W. Heiser,
 
 Forum Non Conveniens and Retaliatory Legislation: the Impact on the Available Alternative Forum Inquiry and on the Desirability of Forum Non Conveniens as a Defense Tactic,
 
 56 U. Kan. L.Rev. 609 (April, 2008).
 

 [3]
 

 . This text is a certified translation of the provision as filed by Hacienda.
 

 [4]
 

 . But as Justice Frankfurter observed, "Mitigation is the pursuit of practical ends, not a game of chess."
 
 City of Indianapolis v. Chase Nat’l Bank,
 
 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941).
 

 [5]
 

 . Michael Wallace Gordon,
 
 Forum Non Con-veniens Misconstrued: A Response to Henry Saint Dahl,
 
 38 U. Miami InterAm. L.Rev. 141, 144 (Fall 2006).
 

 [6]
 

 . Hacienda argued here that it was simply being candid to the tribunal in Panama by including references (in its refiled complaint) to the blocking statute and the forum non conveniens dismissal in Florida. We reject that argument. It was incumbent upon Hacienda to ask the court in Panama to accept the case and to stipulate to its admissibility. Hacienda instead invited (and in its "appeal,” begged) the court to refuse to hear a case involving a Panamanian company and losses suffered in Panama.
 

 [7]
 

 .
 
 See PricewaterhouseCoopers LLP v. Cedar Resources, Inc.,
 
 761 So.2d 1131, 1133 (Fla. 2d DCA 1999) (finding trial court's determination of impropriety of plaintiff's choice of forum is reviewed de novo);
 
 Transportes Aereos Nacionales,
 
 S.A. v.
 
 De Brenes,
 
 625 So.2d 4, 5 (Fla. 3d DCA 1993) (finding appellate courts exercise plenary review over trial court's determination of foreign law).
 

 [8]
 

 . Obviously Florida’s courts are not the arbiters of foreign policy. But in the absence of uniform and reciprocal international laws or treaties settling these cross-border forum shopping issues, we are duty bound to disfavor attempts to circumvent
 
 Kinney.