WARNER, J.
 

 McDaniel Reserve Realty Holdings, LLC, timely appeals a non-final order transferring venue of its action against the appellees for negligence and fraud. The order on appeal transferred venue from Palm Beach County to Hendry County, where the real property which was the underlying subject of the complaint was located. Although the appellees’ motion to dismiss or transfer venue was premised upon the argument that Palm Beach County was an improper venue, the trial court entered its order based upon its conclusion that Hendry County was the more convenient forum, as another lawsuit involving the real property had been filed there. We conclude that Palm Beach County was a proper venue for this action. Because the order was entered without notice and opportunity to be heard on a
 
 forum, non conveniens
 
 ground, a ground not alleged in appellees’ motion to dismiss for improper venue, we reverse.
 

 According to the allegations of its complaint, in November 2004, Reserve Realty, which does business in Palm Beach County, entered into an amended agreement to purchase approximately 21,000 acres of real property located in Hendry County from individual members of the McDaniel family and several closely-held entities (collectively the “McDaniel Family”).
 
 [1]
 
 Pursuant to the agreement, the property was to be acquired in a series of five closings. In connection with the transaction, Reserve Realty hired BSE Consultants of Brevard County to provide permitting, environmental, and consulting services related to the development of the property. Appellees Glaubitz and Hebert worked for BSE.
 

 During meetings in Palm Beach County prior to the signing of the sales contracts, and in the presence of BSE representatives, the McDaniel Family assured Reserve Realty that the property met and exceeded the requirements, expectations and permit conditions that the South Florida Water Management District imposed on the property. Reserve Realty alleged in its complaint that both the McDaniel Family and BSE knew the representations were false, but made them to induce Reserve Realty to purchase the property. The contract for sale was executed in Palm Beach County.
 

 After the parties executed the contract, BSE prepared a report for Reserve Realty showing no environmental issues with the property. Only a month later, however, the District notified the McDaniel Family of several environmental issues with the property which required correction. To address the issues raised by the District, Reserve Realty and the McDaniel Family entered into a Second Amendment to the operative agreement for the purchase and
 
 *507
 
 sale of the property. The Second Amendment, which was signed in Palm Beach County, required the McDaniel Family to take all action necessary to satisfy the environmental requirements of the South Florida Water Management District.
 

 On the same day the Second Amendment was executed, Reserve Realty closed on approximately 3,200 acres of the property, paying the McDaniel Family approximately $15 million. The closing took place in Palm Beach County. Following the closing, the McDaniel Family leased the 3,200 acres back from Reserve Realty.
 

 After the closing on the first phase of the transaction, the McDaniel Family allegedly failed to comply with its obligations under the Second Amended Agreement and refused to sell the remaining portions of the property as set forth in the Second Amendment. Consequently, in 2006 Reserve Realty sued the McDaniel Family in Hendry County circuit court, seeking specific performance of the agreement.
 

 Thereafter, Reserve Realty allegedly discovered that, contrary to BSE’s representations, the McDaniel Family was not in compliance with its permits and other agreements governing the land. Further, after the McDaniel Family vacated the 3,200 acres at the end of 2006, Reserve Realty discovered that the property “had been littered with gas tanks, decaying batteries, refuse piles, dilapidated trailers and buses, and other unsightly objects.” The BSE defendants, however, did not report any such conditions in their Phase I Environmental Assessment. Additionally, Reserve Realty allegedly learned that the McDaniel Family had not paid BSE for its services for a period of at least two years before the closing on the 3,200 acres, instead promising to pay BSE from the sale of the property, which was a financial interest in the sale that BSE never disclosed to Reserve Realty.
 

 With this knowledge, in 2009 Reserve Realty filed suit in Palm Beach County against BSE and its employees Glaubitz and Hebert for negligence and fraud. The complaint alleged that some of the misrepresentations were made in Palm Beach County. The defendants filed a motion to dismiss or transfer for improper venue, arguing that Palm Beach County was an improper venue under section 47.011 because: 1) none of the defendants resided in Palm Beach County for venue purposes; 2) the property in litigation was not located in Palm Beach County; and 3) the causes of action did not accrue in Palm Beach County. In support of their position that the causes of action did not accrue in Palm Beach County, the defendants argued that Reserve Realty’s “economic interests would have been first impacted in Hendry County, at the location of the property it purchased” in reliance on the" defendants’ alleged negligence or misrepresentations.
 

 At the hearing on the motion to dismiss, Reserve Realty contended that venue was proper in Palm Beach County, because its injury first occurred in Palm Beach County at the closing of the property. Nevertheless, it also argued that even if venue were improper in Palm Beach County, then Brevard County would be proper, because all of the defendants lived there. BSE argued that while venue was proper in Brevard County, the case should be brought in Hendry County where the subject property was located and the cause of action for professional negligence and fraud “accrued.”
 

 Because the breach of contract case between Reserve Realty and the McDaniel Family was pending in Hendry County, the trial court engaged in essentially a
 
 forum non conveniens
 
 analysis. The court
 
 *508
 
 believed that both actions involved the same operative facts. It found that judicial economy would be served by transferring the Palm Beach County case to Hen-dry County, even though the cases might have to be tried separately. They would be heard by the same judge, and discovery might be able to be consolidated. Reserve Realty informed the court, however, that the Hendry County case had been pending for three years, and most discovery had been completed. Nevertheless, the court also believed that a settlement would be more likely to occur if both causes of action were consolidated before one judge. It ordered the case transferred to Hendry County but stayed its order pending this appeal.
 

 There are at least two different types
 
 of
 
 venue decisions a trial court may be asked to make, each requiring a different standard of review.
 
 PricewaterhouseCoopers LLP v. Cedar Resources, Inc.,
 
 761 So.2d 1131, 1188 (Fla. 2d DCA 1999). When a trial court is presented with a motion to transfer venue based on the impropriety of the plaintiffs venue selection under section 47.011, the trial court must resolve any relevant factual disputes and then make a legal decision whether the plaintiffs venue selection is legally supportable.
 
 Id.
 
 The trial court’s legal conclusions in this regard are reviewed de novo.
 
 Id.
 
 However, when a party moves to transfer venue for the convenience of the parties, the trial court is faced with more than one legally acceptable venue, and the trial court’s venue decision will not be disturbed absent an abuse of discretion.
 
 Id.
 
 (citing
 
 Hu v. Crockett,
 
 426 So.2d 1275, 1281 (Fla. 1st DCA 1983)). In this case, defendants presented a motion to dismiss based upon the impropriety of the plaintiffs venue selection, while the trial court
 
 sua sponte
 
 seems to have decided the issue based upon the convenience of the parties and judicial economy. We must first determine, however, whether Palm Beach County is an appropriate venue selection. Thus, we review that legal determination de novo.-
 

 Section 47.011, Florida Statutes, the general venue statute, provides that actions shall be brought “only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” It is the plaintiffs option to select venue in the first instance, and “when that choice is one of the three statutory alternatives, it will be honored.”
 
 Weinberg v. Weinberg,
 
 936 So.2d 707, 708 (Fla. 4th DCA 2006). A party contesting the plaintiffs chosen venue has the burden of clearly proving that the plaintiffs venue selection is improper.
 
 Merrill Lynch, Pierce, Fenner & Smith, Inc., v. Nat’l Bank of Melbourne & Trust Co.,
 
 238 So.2d 665, 667 (Fla. 4th DCA 1970). “As a part of this burden, the party contesting venue must demonstrate where the proper venue is.”
 
 Id.
 
 Where the plaintiffs choice of venue is improper but there is more than one other proper venue, the plaintiff may select the alternative venue to which the action may be transferred.
 
 See
 
 Fla. R. Civ. P. 1.060(b).
 

 Palm Beach County is a proper venue only if a cause of action for negligence or fraud accrued here, as it satisfies neither of the other two alternatives. All of the defendants are residents of Brevard County. Because Reserve Realty’s claims against BSE have no effect on the title or possession of the property and the complaint seeks only an award of money damages, there is no “property in litigation” for the purpose of the third clause of section 47.011, Florida Statutes.
 
 See Goed-makers v. Goedmakers,
 
 520 So.2d 575, 579 (Fla.1988) (“Clearly, many in personam actions
 
 involve
 
 real property.... However, when the suit is merely for payment of money, such as the purchase price of the
 
 *509
 
 property, there is no ‘property in litigation’ and the third alternative location specified in the venue statute is not available to the plaintiff.”) (emphasis in original, citations omitted);
 
 see also Greene v. A.G.B.B. Hotels, Inc.,
 
 505 So.2d 666, 667-68 (Fla. 5th DCA 1987).
 

 For purposes of venue, a tort claim is deemed to have accrued “where the last event necessary to make the defendant liable for the tort took place.”
 
 Tucker v. Fianson,
 
 484 So.2d 1370, 1371 (Fla. 3d DCA 1986). Stated another way, a tort accrues in the county where the plaintiff first suffers injury.
 
 See Harb v. Commerce Realty Group, Inc.,
 
 881 So.2d 35, 36 (Fla. 4th DCA 2004);
 
 Wincor v. Cedars HealthCare Group, Ltd.,
 
 695 So.2d 924, 925 (Fla. 4th DCA 1997). Thus, a cause of action for tortious conduct accrues at “the moment the wrong and the injury both accrue.”
 
 PricewaterhouseCoopers,
 
 761 So.2d at 1134.
 

 Several cases illustrate the application of those principles to torts involving property. In
 
 Tucker,
 
 the plaintiff sued a Bro-ward County attorney in Dade County for professional negligence with respect to a condominium conversion of a building located in Dade County. 484 So.2d at 1371. While the attorney claimed his negligence, if any, occurred in his offices in Broward County, the Third District found that the cause of action accrued in Dade County, where the defendant’s asserted negligence impacted upon the plaintiffs economic interests.
 
 Id.
 
 at 1371-72. (“[Wjhile lawyer Tucker negligently shot his arrow into the air of Broward County, it did no harm and had no effect until it fell to earth in Dade. It is therefore here that he must answer for his asserted error.”). The court relied on the proposition that a cause of action accrues where the last event necessary to make the defendant liable took place. In
 
 Tucker
 
 that place was Dade County where the mishandled condominium conversion caused injury or damage.
 

 In
 
 PricewaterhouseCoopers,
 
 the Second District found that causes of action for misrepresentation and fraud in connection with a securities transaction accrued at the place of the closing. There, the plaintiff filed a complaint raising claims of negligent and fraudulent misrepresentation, and securities fraud. 761 So.2d at 1132. The plaintiff received the allegedly fraudulent financial statements in Pinellas County, but the closing of the stock sale occurred in Orange County.
 
 Id.
 
 at 1133. The Second District held that because the plaintiff was first injured when it obtained ownership of the stock, the plaintiffs causes of action accrued in Orange County, the location of the closing.
 
 Id.
 
 at 1134-35.
 

 Similarly, in
 
 Greene,
 
 505 So.2d at 667-68, the court found that causes of action for fraudulent misrepresentation and related claims involving the purchase of a motel in Brevard County accrued in Orange County where the sale was closed. All the negotiations for the purchase of the motel were conducted in Orange County; the alleged fraudulent misrepresentations were made in Orange County; the closing of the transaction took place in Orange County; and none of the acts giving rise to the cause of action took place in Brevard County. Accordingly, the court held that venue in Brevard County was improper, as the causes of action did not accrue there, and none of the other statutory criteria applied.
 
 Id.
 
 at 666-68.
 

 Roberts v. Cason,
 
 652 So.2d 439 (Fla. 5th DCA 1995), on the other hand, represents how difficult the application of these principles can be where the complaint does not adequately address what injuries the plaintiff suffers. There, the plaintiff sued an attorney for legal malpractice, alleging that his attorney negligently represented him in connection with his sale of real
 
 *510
 
 property. The closing was held in Orange County, but the property was located in Lake County. In separate concurring opinions, two judges agreed to affirm the trial court’s order upholding venue in Orange County, the location of the closing. Chief Judge Harris noted the inadequacy of the complaint in that it failed to allege the nature of either the malpractice or the damages. Yet, in Chief Judge Harris’s view, it appeared that the damages included a reduced consideration to the seller as a result of the negligence, which would have occurred in Orange County where the consideration was delivered at closing. Judge Thompson agreed that one permissible venue selection was Orange County, because the professional negligence appeared to have occurred at the closing where the consideration changed hands.
 

 Here, Reserve Realty’s complaint suffers from the same vagueness as the complaint in
 
 Roberts.
 
 From the complaint, it is unclear to us what Reserve Realty claims were its injuries, and thus damages, as a result of the defendants’ negligence and/or fraudulent misrepresentations. In the claim for negligence, Reserve Realty alleges that BSE was negligent in failing to disclose various environmental issues on the McDaniel property, which was a proximate cause of damage to Reserve Realty. If the damages are the cost of cleaning up the property or securing the proper permitting, then it would seem, that those damages would occur in Hendry County where the property is located. On the other hand, if the negligence affected the purchase price or the closing on the first purchase of property, then venue may be proper in Palm Beach County where the closing took place.
 

 The fraud count is easier to decipher. It alleges that BSE and its employees made material misrepresentations to Reserve regarding the environmental issues surrounding the property which Reserve relied on in entering into the contract for purchase. The damage or injury consists of the difference between the actual value of the property on the date of the transaction and the value if the representations were true.
 
 See Morgan Stanley & Co., Inc. v. Coleman (Parent) Holdings Inc.,
 
 955 So.2d 1124, 1128 (Fla. 4th DCA 2007). Because that would make a difference in the consideration received, the injury occurs at the closing of the transaction.
 
 See Roberts; Greene; Pricewaterhouse.
 

 Because at least one of the counts alleged is sufficient to show that venue is proper in Palm Beach County, the court would have erred in dismissing it or transferring the complaint to another venue based upon improper venue.
 
 See
 
 § 47.041, Fla. Stat. (“Actions on several causes of action may be 'brought in any county where any of the causes of action arose.”). Even if Palm Beach County were not a proper venue for either cause of action, the court would have erred in failing to give the plaintiff its choice of other proper venues.
 
 See
 
 Fla. R. Civ. P. 1.060(b) (“When the venue might have been laid in 2 or more counties, the person bringing the action may select the county to which the action is transferred, but if no such selection is made, the matter shall be determined by the court.”).
 

 The trial court additionally erred in
 
 sua sponte
 
 determining that for reasons of judicial economy the action should be transferred to Hendry County because of the pending action between Reserve Realty and the McDaniels Family. “It is well established that where venue is proper in more than one county, the choice of forum rests with a plaintiff and will not lightly be set aside.”
 
 Gov’t Employees Ins. Co. v. Burns,
 
 672 So.2d 884, 885 (Fla. 3d DCA 1996). In this case, the defendants moved to transfer the case to Hendry County
 
 *511
 
 solely on the basis of improper venue, but the trial court’s oral ruling suggested that venue should be transferred for reasons of convenience and judicial economy.
 

 A trial court may
 
 sua sponte
 
 raise the question of whether venue should be transferred to another county under section 47.122 for the convenience of parties or witnesses or in the interest of justice.
 
 See Hewitt Contracting Co. v. Joyner Electric, Inc.,
 
 616 So.2d 190, 190-91 (Fla. 5th DCA 1998);
 
 Morris-Edge Masonry, Inc. v. Tonn & Blank, Inc.,
 
 461 So.2d 1086, 1037 (Fla. 4th DCA 1985). However, the “issue can be decided only after both parties receive appropriate notice and an opportunity to be heard.”
 
 Hewitt,
 
 616 So.2d at 191. Because the defendants had not filed a motion to transfer for
 
 forum non conveniens
 
 under section 47.122, the trial court erred in entertaining such a claim on its own motion without giving the plaintiff advance notice.
 
 See Utilicore Corp. v. Bednarsh,
 
 730 So.2d 853 (Fla. 3d DCA 1999). In
 
 Utilicore,
 
 the Third District explained:
 

 The trial court’s oral pronouncement suggests that the court believed venue should be transferred because Miami-Dade County was an inconvenient forum. The defendants had not filed a motion to transfer under section 47.122, Florida Statutes (1997), nor had the court given advance notice that it desired to entertain such a claim on its own motion. Our reversal is without prejudice to the trial court to consider the issue of transfer for convenience on proper notice.
 

 Id.
 
 at 854 (footnote omitted). Here, Reserve Realty had no
 
 prior
 
 opportunity to prepare argument in opposition or to submit affidavits or other evidence bearing on the issue of whether Hendry County was a more convenient forum. The action in Hendry County did not involve BSE, and it had been pending for three years. The actions did not involve the same issues, and none of the parties were residents of Hendry. Therefore, there were many issues upon which Reserve Realty could have offered proof to convince the trial court that transfer to Hendry County would be inconvenient for the parties and would not be in the interests of justice.
 
 See
 
 § 47.122, Fla. Stat.
 

 Palm Beach County was a proper venue for these multiple causes of action. The trial court’s transfer of the action to Hen-dry County without providing an opportunity for Reserve Realty to present evidence on the
 
 forum non conveniens
 
 issue was error. We reverse and remand for further proceedings.
 

 TAYLOR and MAY, JJ., concur.
 

 [1]
 

 . The members of the McDaniel Family are non-parties to the present lawsuit, but they have been sued in a separate lawsuit in Hen-dry County.