# Third District Court of Appeal

## State of Florida

Opinion filed  March 13, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2194
Lower Tribunal No. 18-29307
_____


**Woodson Electric Solutions, Inc., etc., et al.,**
Appellants,

vs.

**Port Royal Property, LLC, etc.,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Holmes Fraser, P.A., and Ian T. Holmes, David P. Fraser and Daniel P. Fraser (Naples), for appellants.

Coffey Burlington, P.L., and Jeffrey B. Crockett and Kevin C. Kaplan, for appellee.


Before EMAS, C.J., and LINDSEY and HENDON, JJ.

HENDON, J.

The defendants, Woodson Electric Solutions, Inc., Robert J. Smallwood, and Richard L. Hanson (collectively, "the Defendants"), appeal from a non-final order denying their motion to dismiss and/or transfer for improper venue under section 47.011, Florida Statutes (2018). For the reasons that follow, we affirm.

Port Royal Property, LLC ("the Plaintiff") filed a five-count complaint against the Defendants in Miami-Dade County, stemming from the design, installation, and implementation of an audiovisual and internet systems in a house owned by the Plaintiff in Naples, Collier County, Florida. The Plaintiff's complaint alleges, in part, that the Defendants made misrepresentations as to their expertise, including that they specialized in the design, installation, and implementation of audiovisual systems; the Defendants knew that their representations were false; the Plaintiff justifiably relied on the Defendants' representations; and the Plaintiff was injured and damaged as a result of the misrepresentations. Further, the Plaintiff alleged that the Defendants intentionally misrepresented the quality of the components used for the systems, using several components that are of lower quality and cost than those specified in the contract. The Plaintiff's complaint alleges the following counts: breach of contract (Count I); breach of warranty (Count II); fraudulent misrepresentation (Count III); negligent misrepresentation (Count IV); and negligence (Count V). The Plaintiff alleged that venue is proper in Miami-Dade County because the causes of action

accrued in Miami-Dade County.

The Defendants filed a motion to dismiss for improper venue and/or to transfer venue from Miami-Dade County to Collier County ("motion to dismiss"), asserting that venue is improper under section 47.011. In response to the Defendants' motion to dismiss, the Plaintiff filed the affidavit of its manager. The affidavit provides that prior to entering into the contract, the Defendants made misrepresentations as to their expertise relating to the design, installation, and implementation of the audiovisual systems. These misrepresentations induced the Plaintiff into entering into the contract, which was executed in Miami, Florida. Following a hearing, the trial court denied the Defendants' motion to dismiss and/or to transfer venue. The Defendants' appeal followed.

The Defendants contend that the trial court erred by denying the motion to dismiss. As at least one of the causes of action accrued in Miami-Dade County, we disagree. See Utilicore Corp. v. Bednarsh, 730 So. 2d 853, 854 (Fla. 3d DCA 1999) (noting that venue was proper because at least one of the alleged causes of action accrued in the county where the action was filed).

Section 47.011, Florida Statutes (2018), provides: "Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." The plaintiff has the option to select venue, and the plaintiff's choice of venue will be honored as long as the choice is

based on one of the three statutory alternatives. See McDaniel Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc., 39 So. 3d 504, 508 (Fla. 4th DCA 2010). "The plaintiff bears the initial burden of alleging facts in the complaint sufficient to demonstrate that the action was filed in the proper venue." Drucker v. Duvall, 61 So. 3d 468, 471 (Fla. 4th DCA 2011). If a defendant contests the plaintiff's choice of venue, the defendant "has the burden of clearly proving that the plaintiff's venue selection is improper" and must also demonstrate where venue is proper. McDaniel Reserve, 39 So. 3d at 508.

Here, the Plaintiff asserted in its complaint that Miami-Dade County is a proper venue because the causes of action accrued in Miami-Dade County.[1] Thus, if at least one of the causes of action accrued in Miami-Dade County, the Plaintiff's choice of venue is proper.

"For purposes of venue, a tort claim is deemed to have accrued 'where the last event necessary to make the defendant liable for the tort took place.'" McDaniel Reserve, 39 So. 3d 504, 509 (Fla. 4th DCA 2010) (quoting Tucker v. Fianson, 484 So. 2d 1370, 1371 (Fla. 3d DCA1986)). "Stated another way, a cause

[1] The other two statutory alternatives are not applicable. First, none of the defendants reside in Miami-Dade County. Second, there is no "property in litigation" because the claims against the Defendants "have no effect on the title or possession of the property." See McDaniel Reserve, 39 So. 3d at 508 ("Because [the plaintiff's] claims against [the defendant] have no effect on the title or possession of the property and the complaint seeks only an award of money damages, there is no 'property in litigation' for the purpose of the third clause of section 47.011, Florida Statutes.").

4

of action of this type accrues at the moment the wrong and the injury both accrue." PricewaterhouseCoopers LLP v. Cedar Resources, Inc., 761 So. 2d 1131, 1134 (Fla. 2d DCA 1999); see also Williams v. Goldsmith, 619 So. 2d 330, 332 (Fla. 3d DCA 1993) ("In other words, a tort accrues where the plaintiff first suffers injury.").

As to the Plaintiff's misrepresentation claims, the last event necessary to make the Defendants liable for these tort claims is the injury and/or damages suffered by the Plaintiff as a result of the misrepresentation.[2]    Here,      the Defendants contend that last element of the misrepresentation causes of action— injury and/or damages—were first realized in Collier County following the completion of the installation of the systems, and therefore, the cause of action accrued in Collier County.  We disagree.

Based on the allegations set forth in the complaint, the Defendants made

[2] To prevail on a claim for fraudulent misrepresentation, the Plaintiff must establish: "(1) a false statement concerning a material fact; (2) the representer's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation."  Howard v. Murray, 184 So. 3d 1155, 1167 n.22 (Fla. 1st DCA 2015) (quoting Specialty Marine & Indus. Supplies, Inc. v. Venus, 66 So. 3d 306, 310 (Fla. 1st DCA 2011)).  Similarly, to prevail on a claim for negligent misrepresentation, the Plaintiff must establish: "(1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely . . . on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation."  Howard, 184 So. 3d at 1167 n.23 (quoting Specialty Marine, 66 So. 3d at 309 (citation omitted)).

false representations as to their expertise relating to the design, installation, and implementation of the audiovisual systems; the Defendants knew that the representations were false; the Plaintiff relied on these misrepresentations; and the Plaintiff was injured and/or suffered damages as a result of the misrepresentation. As the Plaintiff executed the contract in Miami, the causes of action based on the Defendants' misrepresentations accrued in Miami, although the damages had not been fully realized. See Llano Fin. Grp., LLC v. Petit, 230 So. 3d 141, 144 (Fla. 1st DCA 2017) (noting that a cause of action accrues when the "injury, although slight, is sustained in consequence of the wrongful act of another") (quoting City of Miami v. Brooks, 70 So. 2d 306, 308 (Fla. 1954)). Thus, as the causes of action based on the Defendants' alleged misrepresentation accrued when the contract was signed in Miami, venue is proper in Miami-Dade County. Accordingly, we affirm the trial court's order denying the Defendants' motion to dismiss for improper venue under section 47.011.

The remaining arguments raised by the Defendants do not merit discussion.

Affirmed.