# Third District Court of Appeal

## State of Florida

Opinion filed April 19, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D22-1644; 3D22-1645
Lower Tribunal No. 21-10509

_____

**Stuart Zoberg, et al.,**
Appellants,

vs.

**Jennifer Hu,**
Appellee.

Appeals from non-final orders from the Circuit Court for Miami-Dade County, William Thomas, Judge.

La Cava Jacobson & Goodis, P.A., Jason M. Azzarone and Gregory S. Glasser (Tampa), for appellants, Quadomain Condominium II Association, Inc., and Atlantic & Pacific Association Management, Inc.; Robert E. Menje, PLLC, and Robert E. Menje (Okeechobee), for appellants, Stuart Zoberg and Shir Law Group, P.A., d/b/a Shir, Zoberg Dervishi.

Coffey Burlington, P.L., and David J. Zack, for appellee.

Before LOGUE, HENDON and GORDO, JJ.

GORDO, J.

Stuart Zoberg and Shir Law Group, P.A., d/b/a Shir Zoberg Dervishi[1] ("the defendants") appeal: (1) an order denying their motion to transfer for improper venue and forum non conveniens; and (2) an order denying their emergency motion to reschedule a hearing. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(A), 9.130(a)(3)(C)(viii). Because the defendants fail to show the trial court abused its discretion in denying their motions, we affirm.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

Jennifer Hu is a condominium owner and board member of Quadomain Condominium II Association, Inc. ("Quadomain") in Broward County. Atlantic & Pacific Association Management, Inc. ("A&P") serves as the management company for Quadomain. Stuart Zoberg and his firm were hired by Quadomain as legal counsel. On May 12, 2019, Zoberg sent an email on behalf of Quadomain to more than 200-Quadomain unit owners that allegedly contained defamatory statements against Hu.

In November 2021, Hu filed an amended complaint against the defendants, arguing venue was proper in Miami-Dade County and asserting

---

[1] Quadomain Condominium II Association, Inc. ("Quadomain"), Atlantic & Pacific Property Management – Atlantic Division and Atlantic & Pacific Association Management, Inc. ("A&P") also appeal these orders.
[2] We affirm the trial court's denial of the defendants' motion to continue without further discussion.

five counts for: (1) defamation; (2) prohibited debt collection practices; (3) unfair business practices; (4) conspiracy; and (5) declaratory judgment.

The defendants filed a motion to transfer venue, with supporting affidavits, asserting Miami-Dade was an improper venue and alternatively arguing the action should be transferred to Broward County based on forum non conveniens. Hu filed a memorandum in opposition to the motion to transfer asserting venue was proper in Miami-Dade. In support of her memorandum, Hu attached an ownership mailing roster which indicated certain unit owners of Quadomain who received the alleged defamatory email resided in Miami-Dade.

The trial court held a two-day evidentiary hearing and subsequently denied the motion to transfer venue, finding the defendants failed to make the requisite showings as to their improper venue and forum non conveniens arguments. This appeal followed.

**LEGAL ANALYSIS**

Where an evidentiary hearing has been conducted on a motion to transfer for improper venue, this Court will review the trial court's factual determinations to assure they are supported by competent, substantial evidence and the trial court's legal determinations de novo. See Fla. High School Athletic Ass'n, Inc., v. Johnson, 279 So. 3d 794, 796–97 (Fla. 3d DCA

3

2019). When a party moves to transfer venue based on forum non conveniens, however, absent a demonstration of abuse of discretion, "the lower court's determination will not be overturned on appeal." Fla. Patient's Comp. Fund v. Fla. Physicians' Ins. Reciprocal, 507 So. 2d 778, 779 (Fla. 3d DCA 1987) (quoting Hu v. Crockett, 426 So. 2d 1275, 1281 (Fla. 1st DCA 1983)). The trial court found Miami-Dade was a proper venue as credible evidence was presented that the claims accrued there and A&P had an office in Miami-Dade where it conducted its customary business. It also found that the defendants failed to show that Miami-Dade was a substantially inconvenient forum.

Under Florida law it is the plaintiff's prerogative "to select the venue and as long as that selection is one of the alternatives provided by statute, the plaintiff's selection will not be disturbed." Barry Cook Ford, Inc. v. Ford Motor Co., 571 So. 2d 61, 61 (Fla. 1st DCA 1990). "When the defendant challenges venue [however,] and files an affidavit that disputes the plaintiff's venue choice, the burden then shifts to the plaintiff to establish that the venue selection is proper." Suncoast Home Improvements, Inc. v. Robichaud, 106 So. 3d 969, 971 (Fla. 2d DCA 2013). "[I]f at least one of the causes of action accrued in Miami-Dade County, the Plaintiff's choice of venue is proper." Woodson Elec. Sols., Inc. v. Port Royal Prop., LLC, 271 So. 3d 111, 114

4

(Fla. 3d DCA 2019). We agree the defendants sufficiently challenged Hu's venue selection but find no error in the trial court's determination, based on its view of the evidence presented, that Hu met her burden to establish Miami-Dade is a proper venue.

As to the defendants' request to transfer venue based upon forum non conveniens, the decision "is one which is within the sound discretion of the court, and the party contesting the choice of venue must show an abuse of this discretion in order to successfully challenge the court's determination." Burger King Corp. v. Koeppel, 564 So. 2d 209, 210 (Fla. 3d DCA 1990). "A plaintiff's forum selection is presumptively correct, and in order to successfully challenge that selection, the burden is upon the defendant to show either substantial inconvenience or that undue expense requires a change for the convenience of the parties or witnesses." Gov't Emps. Ins. Co. v. Burns, 672 So. 2d 834, 835 (Fla. 3d DCA 1996). "This requires the defendant to come forward with record evidence to support a transfer." R.J. Reynolds Tobacco Co. v. Mooney, 147 So. 3d 42, 43 (Fla. 3d DCA 2014) (emphasis omitted). Here, the defendants did not identify specific witnesses who would be substantially inconvenienced by having the case proceed in Miami-Dade or provide any evidence that an undue expense would be imposed requiring a change of venue. "In the absence of supporting

5

evidence presented by a movant, it is error for a trial court to order a transfer." <u>Burns</u>, 672 So. 2d at 835.  Accordingly, we find the trial court did not abuse its discretion by denying their motion.

Affirmed.