# Third District Court of Appeal

## State of Florida

Opinion filed July 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0412
Lower Tribunal No. 25-218-CA-01
_____


**John-Lawrence Afriyie**,
Appellant,

vs.

**Louis Friend**,
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

John-Lawrence Afriyie, in proper person.

Maguire & Friend, P.A., and Michael R. Friend, for appellee.


Before LINDSEY, LOBREE and GOODEN, JJ.

PER CURIAM.

This case is a dispute between longtime friends over Rolex watches. Appellant John-Lawrence Afriyie, a New York resident, appeals an order denying his motion to dismiss for lack of personal jurisdiction and improper venue. Based on the record before this Court, we find no error. See § 48.193(1)(a), Fla. Stat. (2025); Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002) (holding "'committing a tortious act' in Florida under section 48.193(1)(b) can occur through the nonresident defendant's telephonic, electronic, or written communications into Florida"); Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989); Belz Investco Ltd. P'ship v. Groupo Immobiliano Cababie, S.A., 721 So. 2d 787, 789 (Fla. 3d DCA 1998) ("If the allegations in the complaint sufficiently establish long-arm jurisdiction, then the burden shifts to the defendant to contest the jurisdictional allegations in the complaint, or to claim that the federal minimum contacts requirement is not met, by way of affidavit or other similar sworn proof."); § 47.011, Fla. Stat. (2025) ("Actions shall be brought . . . where the cause of action accrued . . . . "); Woodson Elec. Sols., Inc. v. Port Royal Prop., LLC, 271 So. 3d 111, 113 (Fla. 3d DCA 2019) ("The plaintiff has the option to select venue, and the plaintiff's choice of venue will be honored as long as the choice is based on one of the three statutory alternatives.").

Affirmed.