LILES, Judge.
Appellant brought suit against Lokey Motors Company, Inc., a Florida corporation, and alleged among other things that Lokey Motors had instituted criminal proceedings against him without probable cause and with malice.
The trial court granted defendant’s motion to dismiss for the reason that the element of malice was not sufficiently pleaded. Appellant assigns as error the court’s dismissal of his amended complaint. We reverse.
*59 The complaint alleged among other things the following: The prosecution, by the Defendant against the Plaintiff, was without probable cause and was commenced and continued by said Defendant from malice towards Plaintiff; that certain acts were committed by the defendant and these actions were taken with actual malice.
We believe Rule 1.120(b), R.C.P. 30 F.S.A., correctly recites what must be pleaded in order to constitute a cause of action. The rule says:
“ . . . Malice, intent, knowledge, mental attitude and other condition of mind . . . may be averred generally” (Emphasis added.)
Appellant recites in his brief that this rule has never been construed in Florida; but directs this court’s attention to the application of the Federal rule which is identical to our Florida rule. We have the authority under Delta Rent-A-Car v. Rihl, Fla.App.1969, 218 So.2d 467, to decide this case pursuant to the case law enunciated in the Federal decisions. We rely on Belli v. Orlando Daily Newspapers, Inc., 5 Cir., 1967, 389 F.2d 579, and Seaboard Oil Co. v. Cunningham, 5 Cir. 1931, 51 F.2d 321.
The plaintiff may have difficulty in proving malice toward him by the defendant but he has made sufficient averments to afford him the opportunity.
Reversed and remanded for action consistent with this opinion.
PIERCE, C. J., and HOBSON, J., concur.