PALMER, J.
John E. Kist appeals the non-final order entered by the trial court granting Sergeant John O. Hubbard’s verified motion to transfer venue of Kist’s lawsuit from Sumter County to Pinellas County.[1] We reverse.
Kist filed suit against Hubbard in his personal capacity, alleging defamation of character and intentional infliction of emotional distress relating to statements Hubbard allegedly made while investigating Kist’s escape from prison. The complaint alleged that Hubbard’s statements were *1101 malicious and that they were received in Sumter County.
Hubbard moved to transfer venue to Pinellas County, the location of his employer, the Pinellas County Sheriffs Office. The motion alleged that Kist could not sue Hubbard in his personal capacity because his complaint failed to allege any facts demonstrating that the alleged defamatory statements were made with malice and, therefore, the lawsuit should be deemed to be against Hubbard in his professional capacity, as an employee of the Sheriffs Office. In the alternative, Hubbard moved to change venue based upon forum non conveniens.
The trial court granted the motion, concluding that venue was not proper in Sumter County because Kist had not sufficiently alleged malice and, accordingly, had not properly asserted a cause of action against Hubbard in his personal capacity. The trial court did not rule on the motion to change venue on the basis of forum non conveniens.
Kist contends that the trial court erred by granting the motion to transfer venue, arguing that venue was proper in Sumter County because his complaint alleged a claim against Hubbard in his personal capacity, alleged that the defamatory statements were made with malice, and alleged that the statements were received in Sumter County. We agree.
Section 47.011, Florida Statutes (2009), provides that “[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” In Perdue v. Miami Herald Publishing Company, 291 So.2d 604 (Fla.1974), the Florida Supreme Court explained, in a libel case, that venue for defamation actions is proper, among other places, in any county where the publication is distributed. Id. at 607. This rule has also been applied to slander claims. See Della-Donna v. Gore Newspaper Co., 390 So.2d 87 (Fla. 3d DCA 1980). As such, Kist is correct that venue was presumptively proper in Sumter County where Hubbard’s alleged defamatory statements were received.
However, because Hubbard is a government employee, the issue before the court is whether Kist’s complaint adequately asserted a cause of action against Hubbard in his personal capacity because, if the complaint is asserting a cause of action against Hubbard in his professional capacity, the only proper venue would be Pinellas County by virtue of the employee immunity statute, section 768.28(9)(a), Florida Statutes (2007). See Carlile v. Game & Fresh Water Fish Comm'n., 354 So.2d 362, 364-65 (Fla.1977); Sch. Bd. of Osceola Cnty. v. State Bd. of Educ., 903 So.2d 963, 966 (Fla. 5th DCA 2005).
In order to adequately assert a cause of action against Hubbard in his personal capacity, Kist’s complaint must allege one of the identified exceptions to the employee immunity statute. Section 768.28(9)(a), provides the following exceptions to employee immunity:
No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party Defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
(Emphasis added.)
Hubbard contends that the allegations in Kist’s complaint were not sufficient to *1102 meet the requirement of pleading malice because they merely asserted conclusory allegations that Hubbard acted with malice. We disagree. Rule 1.120(b) of the Florida Rules of Civil Procedure provides that “[mjalice, intent, knowledge, mental attitude, and other conditions of mind of a person may be averred generally.” In Gangelhoff v. Lokey Motors Company, 270 So.2d 58 (Fla. 2d DCA 1972), the plaintiff sued for malicious prosecution. The complaint alleged that the “prosecution ... was commenced ... from malice towards the plaintiff; that certain acts were committed by the [defendant] and these actions were taken with actual malice.” The trial court granted the defendant’s motion to dismiss, reasoning that the element of malice was not sufficiently pled. The Second District reversed, concluding that under rule 1.120(b), the plaintiff was only required to plead malice generally. Like the plaintiff in Gangelhoff, Kist’s general allegations of malice are sufficient.
Accordingly, we reverse the order granting the motion to transfer venue to Pinel-las County and remand to allow the trial court to reach the merits of the motion to change venue for forum non conveniens.
REVERSED and REMANDED.
GRIFFIN and SAWAYA, JJ., concur.

. This court has jurisdiction over non-final orders concerning venue pursuant to rule 9.130(a)(3)(A) of the Florida Rules of Appellate Procedure.