# Third District Court of Appeal

## State of Florida

Opinion filed May 22, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2050
Lower Tribunal No. 22-0427-GD-02
_____

**Carlos Batista, etc.,**
Appellant,

vs.

**Ramiro A. Rodriguez, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

The Billbrough Firm, and G. Bart Billbrough, for appellant.

Corona Law Firm, P.A., and Ricardo Corona, Ricardo M. Corona, and Laura Hernandez, for appellee Ramiro A. Rodriguez.

Before LOGUE, C.J., and EMAS and MILLER, JJ.

LOGUE, C.J.

Carlos Batista, as the plenary guardian of Clara Elena Ramos Garcia, appeals the trial court's dismissal with prejudice of his claims for conversion

and civil theft against Ramiro A. Rodriguez (individually and as the personal representative of the Estate of Oria Bello), Mayra Rodriguez, Angel Rodriguez, and Mercedes Saint Ives. Batista argues that the trial court erred in concluding that he failed to allege sufficient facts to establish these causes of action. We agree and reverse.[1]

## BACKGROUND

This lawsuit is an extension of a guardianship proceeding where Batista successfully petitioned to be Garcia's guardian.[2] In the guardianship proceedings, Batista, on behalf of Garcia, brought adversarial claims against Ramiro, Mayra, Angel, and Mercedes. The trial court permitted the adversarial claims and ordered Batista to file a separate lawsuit.

Batista did so and alleged several causes of action, including claims for conversion and civil theft. In the operative complaint, Batista alleged the following.

Garcia had lived alone for years and had maintained a savings account of around $75,000. In 2018, a woman named Oria Bello, a friend of Garcia,

---

[1] We affirm the dismissal of the remaining counts in the complaint without discussion.

[2] Garcia was a woman in her 90s with dementia.

"took an active interest" in her. This active interest allegedly included taking over Garcia's bank accounts. Bello then passed away in October of 2019.

After Bello passed, Angel appeared at Garcia's house and told her that he represented Bello. However, Angel would not further explain his relationship to Bello. Angel and his wife, Mercedes, thereafter, allegedly inserted themselves into Garcia's life, giving themselves signing authority on Garcia's bank accounts and social security account.

During this period, two different people received checks from Garcia's savings account. They were Ramiro and Mayra. Batista alleged that the Rodríguezes and Mercedes used their control of Garcia's accounts and undue influence over Garcia to either force Garcia to write these checks, totaling $32,500, or forged the checks themselves.

After learning of the situation, Batista, a family friend of Garcia, filed a petition to deem Garcia incapacitated and petitioned for a temporary injunction barring Angel from Garcia's house. The injunction was granted, and Garcia was found totally incapacitated. Batista was eventually appointed plenary guardian of Garcia's person and property. A letter was also sent on Garcia's behalf to Ramiro and Mayra demanding the return of the money taken. Neither responded.

Based on these allegations, Batista made a claim for conversion against Ramiro, Mayra, Angel, and Mercedes. Batista also made a claim for civil theft against Ramiro and Mayra. To support his civil theft claim, Batista alleged that Ramiro and Mayra, "with criminal intent, knowingly obtained or used, or endeavored to obtain or to use," Garcia's money, to which they were not entitled, "with the intent to permanently deprive" Garcia of it.

The defendants moved to dismiss and won. The trial court concluded Batista's complaint failed to state causes of action for conversion and civil theft and dismissed the claims with prejudice. Specifically, the trial court found that Batista failed to include sufficient allegations to state a claim for conversion and failed to sufficiently allege the felonious intent necessary to state a claim for civil theft. Batista timely appealed.[3]

---

[3] During the pendency of this appeal, a suggestion of Garcia's death was filed. This does not affect our review of this appeal. § 744.441(11), Fla. Stat. ("[A] plenary guardian of the property . . . may. . . [p]rosecute or defend claims or proceedings in any jurisdiction for the protection of the estate and of the guardian in the performance of his or her duties. . . . This subsection does not preclude a challenge after the ward's death."); § 772.11(4), Fla. Stat. ("The death of an elderly or disabled person does not cause the court to lose jurisdiction of any claim for relief for theft or exploitation when the victim of the theft or exploitation is an elderly or disabled person."); § 46.021, Fla. Stat. ("No cause of action dies with the person. All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law.").

4

## ANALYSIS

We review de novo the trial court's dismissal of Batista's complaint for failure to state a claim. Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014).

### A. Conversion Claim

Conversion is "the exercise of wrongful dominion and control over property to the detriment of the rights of its actual owner. Where a person having a right to possession of property makes demand for its return and the property is not relinquished, a conversion has occurred." World Cellphones Distribs. Corp. v. De Surinaamsche Bank, N.V., 357 So. 3d 225, 229 (Fla. 3d DCA 2023) (citations omitted).

In Joseph v. Chanin, 940 So. 2d 483, 485-86 (Fla. 4th DCA 2006), the Fourth District held that a third-party recipient of money wrongfully transferred to her could be liable for conversion after the owner of the money requested the recipient return the money to her and the recipient refused to do so.

Here, the facts are similar as they relate to Ramiro and Mayra. They are alleged to have wrongly received Garcia's money. Batista then sent demand letters to Ramiro and Mayra on Garcia's behalf, requesting the money be returned to her. They then did not return the money. Once Ramiro

5

and Mayra refused to do so, they exposed themselves to liability for conversion. Thus, Batista stated a claim for conversion against Ramiro and Mayra.

Regarding Angel and Mercedes, Batista also made a claim for conversion against them because they exercised improper control over Garcia's money to wrongfully transfer it to Ramiro and Mayra. See Taubenfeld v. Lasko, 324 So. 3d 529, 541–42 (Fla. 4th DCA 2021) ("Conversion is an act of dominion wrongfully asserted over another's property inconsistent with his ownership therein. To state a claim for conversion, one must allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property. The essence of an action for conversion is not the acquisition of the property of the wrongdoer, but the wrongful deprivation of a person of property to the possession of which he is entitled." (citations omitted)).

While Batista did not plead that a demand was made to Angel and Mercedes for return of the money, any such demand would be futile considering they no longer possessed the money, nor was there any evidence they could exercise dominion and control over money in Ramiro and Mayra's possession. See Ginsberg v. Lennar Fla. Holdings, Inc., 645 So. 2d 490, 500 (Fla. 3d DCA 1994) ("[A] demand and refusal are

6

unnecessary [where] it would be futile and the act preventing a return results in a depriving of possession and, thus equates to a conversion." (quoting Shelby Mutual Ins. Co. of Shelby, Ohio v. Crain Press, Inc., 481 So. 2d 501, 503 (Fla. 2d DCA 1985))). Thus, Batista also stated a claim for conversion against Angel and Mercedes.

**B. Civil Theft Claim**

A claim for civil theft is conversion plus felonious intent. World Cellphones Distribs. Corp., 357 So. 3d at 230 ("Civil theft . . . is a statutory form of conversion that essentially consists of 'conversion <u>plus</u> criminal intent.'" (quoting Gokalp v. Unsal, 284 So. 3d 1097, 1099 (Fla. 4th DCA 2019))); § 772.11, Fla. Stat. Because Batista stated a claim for conversion against Ramiro and Mayra, to allege a claim for civil theft against them, he only had to generally allege felonious intent – which he did. See Fla. R. Civ. P. 1.120(b); see also Kist v. Hubbard, 93 So. 3d 1100, 1101–02 (Fla. 5th DCA 2012) ("[The defendant] contends that the allegations in [the plaintiff]'s complaint were not sufficient to meet the requirement of pleading malice because they merely asserted conclusory allegations that [the defendant] acted with malice. We disagree. Rule 1.120(b) of the Florida Rules of Civil Procedure provides that '[m]alice, intent, knowledge, mental attitude, and

7

other conditions of mind of a person may be averred generally.'"). Thus, Batista sufficiently alleged his claim for civil theft against Ramiro and Mayra.

Reversed and remanded.