# Third District Court of Appeal

## State of Florida

Opinion filed May 29, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1341
Lower Tribunal No. 23-3393
_____

**Victoria Mendez, etc.,**
Appellant,

vs.

**Jose R. Alvarez, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Heise Suarez Melville, P.A., and Luis E. Suarez, Thomas S. Ward, and Patricia Melville, for appellant.

AXS Law Group, PLLC, and Jeffrey W. Gutchess, for appellee Jose R. Alvarez.

Before LOGUE, C.J., and LINDSEY, and LOBREE, JJ.

LINDSEY, J.

Appellant (Defendant below) Victoria Mendez, the former City Attorney

for the City of Miami, appeals from a non-final order denying her motion to

dismiss, which asserts, *inter alia*, entitlement to sovereign immunity.[1] Because Appellee (Plaintiff below) Jose R. Alvarez's operative Complaint contains sufficient allegations to survive a motion to dismiss asserting sovereign immunity, we affirm.

## I.    BACKGROUND

The Complaint contains only one count against Mendez: civil conspiracy to commit fraud.  The relevant allegations are as follows.  In 2017, Alvarez inherited his family home after his mother passed away.  The home had received a code violation from the Code Enforcement Board and was subject to more than $271,000 in past fines and penalties for containing an illegal living unit.  Alvarez contacted Mendez—who was at that time the City Attorney for the City of Miami—to address the violations.  "Under the guise of assisting [Alvarez] with his desperate situation as a disinterested public official, the City Attorney scheduled a phone call with [Alvarez] and during that phone call referred Alvarez to her husband, Carlos Morales."[2]

---

[1] The order is appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(F)(iii), which authorizes appellate review of non-final orders denying a motion that "asserts entitlement to sovereign immunity."

[2] The Complaint does not allege that Mendez misrepresented that Morales was her husband.

Many of the allegations in the Complaint involve only Morales and his company Express Homes.[3] The Complaint alleges Morales made numerous misrepresentations to induce Alvarez to sell the home to Morales. "Because the referral to Morales came from the seemingly reputable City Attorney and because his mother had passed away only two months earlier, Alvarez was particularly susceptible to Morales's misrepresentations." The Complaint further alleges that Morales remodeled the home without obtaining the proper permits, scheduled a last-minute meeting with the help of an assistant city attorney who reported directly to Mendez, and secured a prompt waiver of the fines from the Code Enforcement Board. In August 2018, Morales sold the home for $165,000 over what he bought the home for from Alvarez.

With respect to the civil conspiracy count against Mendez, the Complaint specifically alleges the following:

> Mendez assisted in the fraud by outwardly recommending her husband's services instead of providing a city resource to [Alvarez] when asked about how to proceed with trying to fix the code violations. . . . Mendez acted in bad faith, with malicious purpose, and in willful disregard to . . . Alvarez's property rights when she made this referral

---

[3] Morales and Express Homes are Defendants below but are not parties to this sovereign immunity interlocutory appeal. The Complaint contains two counts against Morales and Express Homes: (I) fraudulent inducement and (II) civil conspiracy.

with intent to personally profit, through her husband's company, from the sale of the home.

In February 2023, Alvarez filed the underlying lawsuit. Mendez moved to dismiss arguing, *inter alia*, that the alleged facts were insufficient to overcome her entitlement to sovereign immunity.[4] The trial court denied Mendez's motion to dismiss in an unelaborated order,[5] and Mendez timely appealed.

## II.   ANALYSIS

"We review the trial court's determination regarding sovereign immunity, a question of law, de novo." <u>Dist. Bd. of Trs. of Mia. Dade Coll. v.</u>

---

[4] Mendez also sought dismissal based on the statute of limitations and failure to state a claim. These grounds are beyond the scope of this Court's interlocutory review, and we are therefore without jurisdiction to address them. <u>See</u> <u>Sch. Bd. of Broward Cnty. v. City of Coral Springs</u>, 187 So. 3d 287, 288 n.1 (Fla. 4th DCA 2016) (addressing sovereign immunity but not assignability and timeliness because "[t]hey are not independently appealable under any of the provisions of Florida Rule of Appellate Procedure 9.130, and the appellate courts are without jurisdiction to review them simply because they are included in the same order along with a ruling which is appealable").

[5] Though the order on appeal does not expressly address sovereign immunity, we have jurisdiction to review unelaborated orders so long as the underlying motion asserts entitlement to sovereign immunity. <u>See</u> Fla. R. App. P. 9.130(a)(3)(F)(iii); <u>City of Sweetwater v. Pichardo</u>, 314 So. 3d 540, 542 (Fla. 3d DCA 2020) ("Hence, based on the plain and unambiguous language of the amended rule, our jurisdictional inquiry now focuses not on the challenged order, but rather on the motion that the order adjudicates.").

4

<u>Verdini</u>, 339 So. 3d 413, 417 (Fla. 3d DCA 2022). At this stage in the proceedings, we are bound to accept as true the well-pled allegations of the Complaint. <u>See</u> <u>Miami-Dade County v. Perez</u>, 343 So. 3d 175, 177 (Fla. 3d DCA 2022). Further, we consider the allegations in a light most favorable to the Plaintiff. <u>Id.</u> at 177 n.2.[6] Since our review is confined to the sufficiency of the allegations in the Complaint, our decision does not in any way address the ultimate merits of the case.

The Complaint alleges Mendez is personally liable for civil conspiracy to defraud Alvarez. At all relevant times, Mendez was the City Attorney for the City of Miami. "In order to adequately assert a cause of action against [defendant] in his personal capacity, [the] complaint must allege one of the identified exceptions to the employee immunity statute[, § 768.28(9)(a).]" <u>Kist v. Hubbard</u>, 93 So. 3d 1100, 1101 (Fla. 5th DCA 2012). Section 768.28(9)(a), Florida Statutes (2023), provides as follows:

> (9)(a) An officer, employee, or agent of the state or of any of its subdivisions may not be held personally liable in tort or named as a party defendant in any action for any injury or damage

---

[6] Though sovereign immunity may be considered on a motion to dismiss, <u>Verdini</u>, 339 So. 3d at 417, "sovereign immunity generally is an affirmative defense that may justify granting a motion to dismiss only when the complaint itself conclusively establishes its applicability." <u>City of Miami v. Cruz</u>, 342 So. 3d 741, 743 (Fla. 3d DCA 2022) (quoting <u>Sierra v. Associated Marine Insts., Inc.</u>, 850 So. 2d 582, 590 (Fla. 2d DCA 2003)).

suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Pursuant to the statute, Mendez may be held personally liable if she "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Id. Here, the Complaint specifically alleges that "Mendez acted in bad faith, with malicious purpose, and in willful disregard to [Alvarez's] property rights when she made this referral with intent to personally profit, through her husband's company, from the sale of the home."[7]

Mendez argues that the allegations of bad faith, malicious purpose, or willful disregard are insufficient because they are conclusory. We disagree. The Complaint does more than merely copy and paste language from the statute. It contains factual allegations that Mendez was involved in a conspiracy with her husband to defraud Alvarez and that "Mendez assisted

---

[7] "The phrase 'wanton and willful disregard of human rights [or] safety,' as used in section 768.28(9)(a), has been interpreted as 'conduct much more reprehensible and unacceptable than mere intentional conduct,' and 'conduct that is worse than gross negligence.'" HNTB Corp. v. Milstead, 369 So. 3d 749, 754 (Fla. 3d DCA 2023) (quoting Peterson v. Pollack, 290 So. 3d 102, 109 (Fla. 4th DCA 2020)).

in the fraud by outwardly recommending her husband's services instead of providing a city resource to [Alvarez] when asked about how to proceed with trying to fix the code violation."

We agree with Mendez's assertion that the pleading standard for fraud, the underlying tort upon which the conspiracy is based, requires facts stated with particularity. See Fla. R. Civ. P. 1.120(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with such particularity as the circumstances may permit."). Here, Alvarez has stated facts with particularity as to the underlying fraud allegedly committed by Morales and Express Homes.

However, Mendez has not pointed us to any authority directly supporting her assertion that the *pleading* standard for bad faith, malicious purpose, or wanton disregard is "a very high standard." Indeed, Rule 1.120(b) provides that "[m]alice, intent, knowledge, mental attitude, and other condition of mind of a person may be averred generally." See also Kist, 93 So. 3d at 1101–02 ("[Defendant] contends that the allegations in [plaintiff's] complaint were not sufficient to meet the requirement of pleading malice because they merely asserted conclusory allegations that [defendant] acted with malice. We disagree. Rule 1.120(b) of the Florida Rules of Civil Procedure provides that '[m]alice, intent, knowledge, mental attitude, and

other conditions of mind of a person may be averred generally.'"); <u>Gangelhoff v. Lokey Motors Co., Inc.</u>, 270 So. 2d 58, 59 (Fla. 2d DCA 1972) ("We believe Rule 1.120(b), R.C.P. 30 F.S.A., correctly recites what must be pleaded in order to constitute a cause of action. . . . The plaintiff may have difficulty in proving malice toward him by the defendant but he has made sufficient averments to afford him the opportunity.").

## III.    CONCLUSION

Because the Complaint sufficiently alleges that Mendez acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of Alvarez's property, we affirm the trial court's order denying Mendez's motion to dismiss.

Affirmed.